ORIGINAL FILED
07 NOV 30 PM 3:38
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
jferry@kelher.com

Attorneys for Defendants
UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), UNUM CORPORATION and UNUM LIFE INSURANCE COMPANY OF AMERICA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOB E. BLAKE<br><br>Plaintiff,<br><br>vs.<br><br>UNUMPROVIDENT CORPORATION; UNUM CORPORATION, UNUM LIFE INSURANCE COMPANY OF AMERICA, MATHEW F. CARROLL, M.D., LYNETTE D. RIVERS, PH.D., MARK W. BONDI, PH.D., COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE, and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.: CV07-5957 EDL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants, UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), UNUM CORPORATION (a corporation that on June 30, 1999 merged with and into Provident Companies, Inc., which then amended its charter on June 30, 1999 to change its name to UnumProvident Corporation, now known as Unum Group), and UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum Life") (collectively "defendants") responding for themselves, and for no other defendants, answer Plaintiff Bob E. Blake's ("plaintiff") Complaint in this matter ("the complaint") as follows:

I

**BACKGROUND**

1. Answering paragraph 1 of the complaint, defendants admit plaintiff presently resides in the State of California. Except as expressly admitted, defendants deny each and every allegation.

2. Answering the allegations of paragraph 2 of the complaint, defendants admit that Unum Life is, and at all times mentioned in the complaint was, a corporation duly organized and existing under the laws of the State of Maine; and that Unum Life is, and at all times mentioned in the complaint was, authorized to transact the business of insurance in the State of California. Except as expressly admitted, defendants deny each and every other allegation as set forth in that paragraph.

3. Answering the allegations of paragraph 3 of the complaint, defendants admit the allegations.

4. Answering the allegations of paragraph 4 of the complaint, defendants admit that Unum Group is and, at all times mentioned in the complaint was, a corporation. Except as expressly admitted, defendants deny each and every other allegation.

5. Answering the allegations of paragraph 5 of the complaint, defendants deny the allegations.

6. Answering the allegations of paragraph 6 of the complaint, defendants admit that Unum Group is a parent company of Unum Life. Except as expressly admitted, defendants deny the allegations.

7. Answering the allegations of paragraph 7 of the complaint, due to the vagueness and ambiguities of the allegations, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, on this basis, deny the allegations.

8. Answering the allegations of paragraph 8 of the complaint, defendants deny the allegations.

9. Answering the allegations of paragraph 9 of the complaint, defendants deny the allegations.

10. Answering the allegations of paragraph 10 of the complaint, defendants deny the allegations.

11. Answering the allegations of paragraph 11 of the complaint, defendants deny the allegations.

12. Answering the allegations of paragraph 12 of the complaint, defendants admit that J. Harold Chandler served as President and CEO of UnumProvident Corporation until 2003. Except as expressly admitted, defendants deny the allegations.

13. Answering the allegations of paragraph 13 of the complaint, defendants admit that one of the principal places of business of Unum Group is located at One Fountain Square, Chattanooga, Tennessee. Except as expressly admitted, defendants deny the allegations.

14. Answering the allegations of paragraph 14 of the complaint, defendants deny the allegations for reasons set forth above.

15. Answering the allegations of paragraph 15 of the complaint, defendants admit that Unum Life has no employees and that individuals, who are Unum Group employees, may make claims decisions on behalf of Unum Life on Unum Life policies. Except as expressly admitted, defendants deny the allegations.

16. Answering the allegations of paragraph 16 of the complaint, defendants deny the allegations.

17. Answering the allegations of paragraph 17 of the complaint, defendants deny the allegations.

18. Answering the allegations of paragraph 18 of the complaint, defendants deny the allegations.

19. Answering the allegations of paragraph 19 of the complaint, defendants deny the allegations.

20. Answering the allegations of paragraph 20 of the complaint, defendants deny the allegations.

21. Answering the allegations of paragraph 21 of the complaint, defendants deny the characterizations and opinions contained in the allegations regarding the actions of the California Department of Insurance, and accordingly deny the allegations.

22. Answering the allegations of paragraph 22 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, on this basis, deny the allegations.

23. Answering the allegations of paragraph 23 of the complaint, defendants admit that Matthew F. Carroll, M.D. is a medical doctor licensed to practice medicine in the State of California; is practicing medicine; and provided an evaluation and opinion regarding plaintiff. Except as expressly admitted, defendants deny the allegations.

24. Answering the allegations of paragraph 24, defendants admit that Lynette D. Rivers, Ph.D., and Mark W. Bondi, Ph.D. are psychologists; licensed to practice in California; are practicing; and provided evaluations/opinion regarding plaintiff. Except as expressly admitted, defendants deny the allegations.

25. Answering the allegations of paragraph 25 of the complaint, defendants deny the allegations set forth therein.

**II**

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

26. Answering the allegations of paragraph 26 of the complaint, defendants re-allege and incorporate by reference their responses to each and every paragraph of the complaint.

27. Answering the allegations of paragraph 27 of the complaint, defendants admit

plaintiff was issued a group policy, number 543289 031, underwritten by Unum Life. Except as expressly admitted, defendants deny the allegations.

28. Answering the allegations of paragraph 28 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, on this basis, deny the allegations.

29. Answering the allegations of paragraph 29 of the complaint, defendants deny the allegations.

30. Answering the allegations of paragraph 30 of the complaint, defendants admit that in California an ongoing assessment of total disability under an insurance policy may include consideration of whether, due to a condition, injury or sickness, there is an inability to perform the substantial and material duties of an occupation in the usual and customary way with reasonable continuity. Except as expressly admitted, defendants deny the allegations.

31. Answering the allegations of paragraph 31 of the complaint, defendants deny the allegations.

32. Answering the allegations of paragraph 33 of the complaint, defendants deny the allegations.

33. Answering the allegations of paragraph 34 of the complaint, defendants admit plaintiff submitted a claim on or about June 25, 2005, and that the claim was paid to approximately December 13, 2006. Except as expressly admitted, defendants deny the allegations.

34. Answering the allegations of paragraph 34 of the complaint, defendants admit the claim was paid to approximately December 13, 2006 and otherwise deny the allegations.

35. Answering the allegations of paragraph 35 of the complaint, defendants deny the allegation.

36. Answering the allegations of paragraph 36 of the complaint, defendants deny the allegations.

III

SECOND CLAIM FOR RELIEF

(Intentional/Fraudulent and Negligent Misrepresentation)

37. Answering the allegations of paragraph 37 of the complaint, defendants re-allege and incorporate by reference their responses to each and every paragraph of the complaint.

38. Answering the allegations of paragraph 38 of the complaint, defendants deny the allegations.

39. Answering the allegations of paragraph 39 of the complaint, defendants deny the allegations.

40. Answering the allegations of paragraph 40 of the complaint, defendants deny the allegations.

41. Answering the allegations of paragraph 41 of the complaint, defendants deny the allegations.

42. Answering the allegations of paragraph 42 of the complaint, defendants deny the allegations.

43. Answering the allegations of paragraph 43 of the complaint, defendants deny the allegations.

44. Answering the allegations of paragraph 44 of the complaint, defendants deny the allegations.

45. Answering the allegations of paragraph 45 of the complaint, defendants deny the allegations.

46. Answering the allegations of paragraph 46 of the complaint, defendants deny the allegations.

47. Answering the allegations of paragraph 47 of the complaint, defendants deny the allegations.

48. Answering the allegations of paragraph 48 of the complaint, defendants deny the allegations.

49. Answering the allegations of paragraph 49 of the complaint, defendants deny the allegations.

IV

THIRD CLAIM FOR RELIEF

**(Breach of the Covenant of Good Faith and Fair Dealing)**

50. Answering the allegations of paragraph 50 of the complaint, defendants re-allege and incorporate by reference their responses to each and every paragraph of the complaint.

51. Answering the allegations of paragraph 51 of the complaint, defendants recognize that under California law in certain instances and under certain conditions, not necessarily applicable to a policy subject to ERISA, a mutual covenant of good faith and fair dealing shared by the insurer and the insured is present in an insurance policy. Except as expressly admitted, defendants deny the allegations.

52. Answering the allegations of paragraph 52 of the complaint, defendants deny the allegations.

53. Answering the allegations of paragraph 53 of the complaint, defendants deny the allegations.

54. Answering the allegations of paragraph 54 of the complaint, defendants deny the allegations.

55. Answering the allegations of paragraph 55 of the complaint, defendants deny the allegations.

56. Answering the allegations of paragraph 56 of the complaint, defendants deny the allegations.

57. Answering the allegations of paragraph 57 of the complaint, defendants deny the allegations.

58. Answering the allegations of paragraph 58 of the complaint, defendants deny the allegations.

59. Answering the allegations of paragraph 59 of the complaint, defendants deny the allegations.

60. Answering the allegations of paragraph 60 of the complaint, defendants deny the allegations.

61. Answering the allegations of paragraph 61 of the complaint, defendants deny the allegations.

62. Answering the allegations of paragraph 62 of the complaint, defendants deny the allegations.

**V**

**FOURTH CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress)**

Answering the allegations of this paragraph of the complaint, defendants re-allege and incorporate by reference their responses to each and every paragraph of the complaint.

63. Answering the allegations of paragraph 63 of the complaint, defendants admit that medical records and other information regarding plaintiff were reviewed. Except as expressly admitted, defendants deny the remaining allegations.

64. Answering the allegations of paragraph 64 of the complaint, defendants deny the allegations.

65. Answering the allegations of paragraph 65 of the complaint, defendants deny the allegations.

66. Answering the allegations of paragraph 66 of the complaint, defendants deny the allegations.

67. Answering the allegations of paragraph 67 of the complaint, defendants deny the allegations.

68. Answering the allegations of paragraph 68 of the complaint, defendants deny the allegations.

69. Answering the allegations of paragraph 69 of the complaint, defendants deny the allegations.

70. Answering the allegations of paragraph 70 of the complaint, defendants deny the allegations.

71. Answering the allegations of paragraph 71 of the complaint, defendants deny the allegations.

72. Answering the allegations of paragraph 72 of the complaint, defendants deny the allegations.

73. Answering the allegations of paragraph 73 of the complaint, defendants deny the allegations.

74. Answering the allegations of paragraph 74 of the complaint, defendants deny the allegations.

75. Answering the allegations of paragraph 75 of the complaint, defendants deny the allegations.

76. Answering the allegations of paragraph 76 of the complaint, defendants deny the allegations.

77. Answering the allegations of paragraph 77 of the complaint, defendants deny the allegations.

78. Answering the allegations of paragraph 78 of the complaint, defendants deny the allegations.

79. Answering the allegations of paragraph 79 of the complaint, defendants deny the allegations.

80. Answering the allegations of paragraph 80 of the complaint, defendants deny the allegations.

81. Answering the allegations of paragraph 81 of the complaint, defendants deny the allegations.

**VI**

**FIFTH CLAIM FOR RELIEF**

**(Inducing Breach of Contract)**

82. Answering the allegations of paragraph 82 of the complaint, defendants re-allege and incorporate by reference their responses to each and every paragraph of the complaint.

83. Answering the allegations of paragraph 83 of the complaint, defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, on this basis, deny the allegations.

84. Answering the allegations of paragraph 84 of the complaint, defendants deny the allegations.

85. Answering the allegations of paragraph 85 of the complaint, defendants deny the allegations.

**VII**

**SIXTH CLAIM FOR RELIEF**

**(Interference With Prospective Economic Advantage)**

86. Answering the allegations of paragraph 86 of the complaint, defendants re-allege and incorporate by reference their responses to each and every paragraph of the complaint.

87. Answering the allegations of paragraph 87 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, on this basis, deny the allegations.

88. Answering the allegations of paragraph 88 of the complaint, defendants deny the allegations.

89. Answering the allegations of paragraph 89 of the complaint, defendants deny the allegations.

90. Answering the allegations of paragraph 90 of the complaint, defendants deny the allegations.

91. Answering the allegations of paragraph 91 of the complaint, defendants deny the allegations.

92. Answering the allegations of paragraph 92 of the complaint, defendants deny the allegations.

**VIII**

**SEVENTH CLAIM FOR RELIEF**

**(Mandamus)**

93. Answering the allegations of paragraph 93 of the complaint, defendants re-allege

and incorporate by reference their responses to each and every paragraph of the complaint.

94. Answering the allegations of paragraph 94 of the complaint, these allegations consist of legal contentions and conclusions and therefore require no response.

95. Answering the allegations of paragraph 95 of the complaint, these allegations consist of legal contentions and conclusions and therefore require no response.

96. Answering the allegations of paragraph 96 of the complaint, these allegations consist of legal contentions and conclusions and therefore require no response.

97. Answering the allegations of paragraph 97 of the complaint, these allegations consist of legal contentions and conclusions and therefore require no response.

98. Answering the allegations of paragraph 98 of the complaint, defendants deny the allegations.

99. Answering the allegations of paragraph 99 of the complaint, defendants deny the allegations.

100. Answering the allegations of paragraph 100 of the complaint, defendants deny the allegations.

101. Answering the allegations of paragraph 101 of the complaint, defendants deny the allegations.

102. Answering the allegations of paragraph 102 of the complaint, defendants deny the allegations.

103. Answering the allegations of paragraph 103 of the complaint, defendants deny the allegations.

104. Answering the allegations of paragraph 104 of the complaint, defendants deny the allegations.

105. Answering the allegations of paragraph 105 of the complaint, defendants deny the allegations.

106. Answering the allegations of paragraph 106 of the complaint, defendants deny the allegations.

107. Answering the allegations of paragraph 107 of the complaint, defendants deny the

allegations.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As a first affirmative defense, defendants allege that plaintiff's claims for relief, subject to court determination, are interpreted pursuant to The Employee Retirement Income Security Act ("ERISA").

**SECOND AFFIRMATIVE DEFENSE**

As a second affirmative defense, defendants allege that neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a cause of action against any defendants.

**THIRD AFFIRMATIVE DEFENSE**

As a third affirmative defense, defendants allege, on information and belief, that through plaintiff's conduct, to be determined by the court as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in his complaint.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth affirmative defense, defendants allege, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in his complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth affirmative defense, defendants allege, on information and belief, that plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth affirmative defense, defendants allege that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh affirmative defense, defendants allege, on information and belief, that

plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against defendants by reason of his complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

As a eighth affirmative defense, defendants deny that plaintiff has sustained any injury or damage by any act or omission by defendants. However, if it is established that plaintiff suffered an injury or damage for which defendants are held liable, defendants allege that such injury or damage is to be determined by the court as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on his behalf and that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any damages plaintiff can recover from defendants in this action.

**NINTH AFFIRMATIVE DEFENSE**

As a ninth affirmative defense, defendants allege that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be determined by the court as proximately caused in whole or in part by the negligence or fault of persons or entities other than defendants, and for whom defendants are not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from defendants in this action.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth affirmative defense, defendants allege that plaintiff, as to be determined by the court, failed to exercise reasonable care and diligence to mitigate his damages, if he has any. As a consequence, plaintiff's claim should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate his damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh affirmative defense, defendants allege that plaintiff's claims for relief, as to be determined by the court, are barred by the principle of unjust enrichment.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth affirmative defense, defendants allege that each and every act or statement

done or made by defendants, or by defendants agents or employees, with reference to plaintiff, before and after plaintiff filed his original complaint, was privileged as a good faith assertion of defendants' legal and contractual rights.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a thirteenth affirmative defense, defendants allege that plaintiff is not entitled to any further benefits or any other compensation from defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a fourteenth affirmative defense, defendants allege that plaintiff's claims for relief are barred by the parol evidence rule.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a fifteenth affirmative defense, defendants allege that plaintiff's complaint is barred by the applicable statutes of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a sixteenth affirmative defense, defendants allege that the claim decision was correct and proper under the terms of the policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a seventeenth affirmative defense, defendants allege that plaintiff, by virtue of the legal doctrines of waiver and laches, as to be determined by the court, is estopped from pursuing some or all of the claims alleged against defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As an eighteenth affirmative defense, defendants allege that plaintiff is not entitled to, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in his complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a nineteenth affirmative defense, defendants allege that plaintiff's damage claim, if any, is limited by the provisions of Insurance Code Section 10111.

**TWENTIETH AFFIRMATIVE DEFENSE**

As a twentieth affirmative defense, defendants allege that plaintiff's remedy for any

alleged breach of contract, if not subject to ERISA, is limited by California Civil Code Sections 3300 and 3302.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a twenty-first affirmative defense, defendants alleges that plaintiff has failed to allege, and has no facts to prove, under the clear and convincing standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code Section 3294.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a twenty-second affirmative defense, defendants allege that an award of punitive damages and/or injunctive relief violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As a twenty-third affirmative defense, defendants allege that any award of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As a twenty-fourth affirmative defense, defendants allege that plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of benefits pursuant to any of the causes of action alleged in his Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As a twenty-fifth affirmative defense, defendants allege that plaintiff's complaint and each and every cause of action therein, is barred by plaintiff's failure to exhaust administrative remedies.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As a twenty-sixth affirmative defense, defendants reserve their right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, defendants pray for judgment to be determined by the court in its favor as follows:

1. That plaintiff take nothing by reason of his complaint on file herein;
2. That defendants be awarded their costs and expenses incurred in this action;
3. That defendants be awarded their attorneys' fees incurred in this action; and
4. That defendants recover such other and further relief as the court may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Dated: November 30, 2007

By [signature]
Thomas M. Herlihy
Attorneys for Defendants
UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), UNUM CORPORATION and UNUM LIFE INSURANCE COMPANY OF AMERICA

E:\27261\P04.doc

PROOF OF SERVICE
*Bob E. Blake v. UnumProvident, et al.*
United States District Court, Northern District of California
Case No. CV07-5957 EDL

I, ZHANNA KOPYLOV, declare:

I am employed in the City and County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2500, San Francisco, California 94104. I am over the age of 18 years and not a party to the foregoing action.

On November 30, 2007, I served the attached **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,** on the interested parties in said action,

_X_ **(by mail)** by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Kelly, Herlihy & Klein LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Francisco, California.

___ **(by personal delivery)** by having a true copy thereof personally delivered to the person listed below by a non-interested party employed by the law firm of Kelly, Herlihy & Klein LLP.

___ **(by Federal Express)** by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

___ **(by facsimile transmission as indicated below)** by transmitting said document(s) from our office facsimile machine (415) 391-7808, to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

| | |
|---|---|
| Ray Bourhis, Esq.<br>Lawrence Mann, Esq.<br>Bourhis & Mann<br>1050 Battery Street<br>San Francisco, CA 94111 | Attorneys for Plaintiff ROBERT E. BLAKE |
| Ann M. Burr, Esq.<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 | Attorney(s) for Defendant THE COMMISSIONER OF CALIFORNIA DEPARTMENT OF INSURANCE |
| M. Todd Ratay, Esq.<br>Neil, Dymott, Frank, McFall & Trexler<br>1010 Second Avenue, Suite 2500<br>San Diego, CA 92101<br>Fax: (619) 238-1562 | Attorney(s) for Defendant MATTHEW F. CARROLL |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 30, 2007 at San Francisco, California.

ZHANNA KOPYLOV