Michael I. Neil, SBN 40057
M. Todd Ratay, SBN 241299
NEIL, DYMOTT, FRANK,
    MCFALL & TREXLER
A Professional Law Corporation
1010 Second Avenue, Suite 2500
San Diego, CA 92101-4959
P 619.238.1712
F 619.238.1562

Attorneys for Defendant
MATTHEW F. CARROLL, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB E. BLAKE, M.D. | CASE NO. CV 07 5957 EDL |
| Plaintiff, | |
| vs. | DEFENDANT, MATTHEW F. CARROLL, M.D.'S ANSWER TO PLAINTIFF'S COMPLAINT |
| UNUMPROVIDENT CORPORATION, UNUM CORPORATION, UNUM LIFE INSURANCE COMPANY OF AMERICA, MATTHEW F. CARROLL, M.D., LYNETTE D. RIVERS, PH.D., MARK W. BONDI, PH.D., COMMISSIONER OF CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 through 50, Inclusive, | Dept: Judge: |
| Defendants. | |

Defendant MATTHEW CARROLL, M.D., (hereinafter "Dr. Carroll") hereby answers the verified complaint of Plaintiff Bob E. Blake, M.D., as follows:

# I

## BACKGROUND

1. Answering paragraph 1 of the complaint, Dr. Carroll admits Dr. Blake presently resides in the State of California. Except as expressly admitted, Dr. Carroll denies each and every allegation.

1

2.      Answering the allegations of paragraph 2 of the complaint, Dr. Carroll admits Paul Revere is, and at all times mentioned in the complaint was, a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, and Paul Revere is, and at all times mentioned in the complaint was, authorized to transact the business of insurance in the State of California. Except as expressly admitted, Dr. Carroll denies each and every allegation set forth in that paragraph.

3.      Answering paragraph 3 of the complaint, Dr. Carroll admits the allegations.

4.      Answering paragraph 4 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

5.      Answering paragraph 5 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

6.      Answering paragraph 6 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

7.      Answering paragraph 7 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

8.      Answering paragraph 8 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

9.      Answering paragraph 9 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

10.     Answering paragraph 10 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this

1 | paragraph on information and belief.

11. Answering paragraph 11 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

12. Answering paragraph 12 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

13. Answering paragraph 13 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

14. Answering paragraph 14 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

15. Answering paragraph 15 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

16. Answering paragraph 16 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

17. Answering paragraph 17 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

18. Answering paragraph 18 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

19. Answering paragraph 19 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

20.     Answering paragraph 20 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

21.     Answering paragraph 21 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

22.     Answering paragraph 22 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

23.     Answering paragraph 23 of the complaint, Dr. Carroll admits he is a medical doctor licensed to practice medicine in the State of California; is practicing medicine; and provided an evaluation and opinion regarding plaintiff. Except as expressly admitted, Dr. Carroll denies the allegations.

24.     Answering paragraph 24 of the complaint, Dr. Carroll admits Lynette D. Rivers, Ph.D., and Mark W. Bondi, Ph.D. are psychologists licensed to practice in California. As to Lynette D. Rivers, Ph.D., Dr. Carroll admits Dr. Rivers provided an evaluation and opinion regarding plaintiff. Except as expressly admitted, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. Therefore, Dr. Carroll denies the allegations in this paragraph on information and belief.

25.     Answering paragraph 25 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

## II

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

26.     The allegations contained in paragraphs 26 – 36 and constituting Plaintiff's first claim for relief are not alleged against this responding party. Therefore, Dr. Carroll has no knowledge or

information sufficient to form a belief as to the truth of these allegations, and on that basis denies each and every allegation contained therein.

## III

### SECOND CLAIM FOR RELIEF

**(Intentional/Fraudulent and Negligent Misrepresentation)**

27. The allegations contained in paragraphs 37 – 49 and constituting Plaintiff's second claim for relief are not alleged against this responding party. Therefore, Dr. Carroll has no knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies each and every allegation contained therein.

## III

### THIRD CLAIM FOR RELIEF

**(Breach of the Covenant of Goof Faith and Fair Dealings)**

28. The allegations contained in paragraphs 50 – 62 and constituting Plaintiff's third claim for relief are not alleged against this responding party. Therefore, Dr. Carroll has no knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies each and every allegation contained therein.

## IV

### FOURTH CLAIM FOR RELIEF

**(Intentional Infliction of Emotional Distress)**

Answering the allegations of this paragraph of the complaint, Dr. Carroll re-alleges and incorporates by reference his responses to each and every paragraph of the complaint

29. Answering the allegations of paragraph 63 of the complaint, Dr. Carroll admits medical records and other information regarding plaintiff was reviewed. Except as expressly admitted, Dr. Carroll denies each and every allegation set forth in that paragraph.

30. Answering paragraph 64 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

31. Answering paragraph 65 of the complaint, Dr. Carroll denies these allegations as to Dr. Carroll. As to all other defendants, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

32. Answering paragraph 66 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

33. Answering paragraph 67 of the complaint, Dr. Carroll denies these allegations as to Dr. Carroll. As to all other defendants, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

34. Answering paragraph 68 of the complaint, Dr. Carroll lacks sufficient personal knowledge to admit or deny these allegations. As a result, Dr. Carroll denies the allegations in this paragraph on information and belief.

35. Answering paragraph 69 of the complaint, Dr. Carroll denies these allegations.

36. Answering paragraph 70 of the complaint, Dr. Carroll denies these allegations.

37. Answering paragraph 71 of the complaint, Dr. Carroll denies these allegations.

38. Answering paragraph 72 of the complaint, Dr. Carroll denies these allegations.

39. Answering paragraph 73 of the complaint, Dr. Carroll denies these allegations.

40. Answering paragraph 74 of the complaint, Dr. Carroll denies these allegations.

41. Answering paragraph 75 of the complaint, Dr. Carroll denies these allegations.

42. Answering paragraph 76 of the complaint, Dr. Carroll denies these allegations.

43. Answering paragraph 77 of the complaint, Dr. Carroll denies these allegations.

44. Answering paragraph 78 of the complaint, Dr. Carroll denies these allegations.

45.  Answering paragraph 79 of the complaint, Dr. Carroll denies these allegations.

46.  Answering paragraph 80 of the complaint, Dr. Carroll denies these allegations.

47.  Answering paragraph 81 of the complaint, Dr. Carroll denies these allegations.

## V

## FIFTH CLAIM FOR RELIEF

### (Inducing Breach of Contract)

48.  Answering the allegations of paragraph 82 of the complaint, Dr. Carroll re-alleges and incorporates by reference his responses to each and every paragraph of the complaint

49.  Answering the allegations of paragraph 83 of the complaint, Dr. Carroll denies these allegations.

50.  Answering the allegations of paragraph 84 of the complaint, Dr. Carroll denies these allegations.

51.  Answering the allegations of paragraph 85 of the complaint, Dr. Carroll denies these allegations.

## VI

## SIXTH CLAIM FOR RELIEF

### (Interference with Prospective Economic Advantage)

52.  Answering the allegations of paragraph 86 of the complaint, Dr. Carroll re-alleges and incorporates by reference his responses to each and every paragraph of the complaint

53.  Answering the allegations of paragraph 87 of the complaint, Dr. Carroll denies these allegations.

54.  Answering the allegations of paragraph 88 of the complaint, Dr. Carroll denies these allegations.

55.  Answering the allegations of paragraph 89 of the complaint, Dr. Carroll denies these allegations.

56.  Answering the allegations of paragraph 90 of the complaint, Dr. Carroll denies these allegations.

57. Answering the allegations of paragraph 91 of the complaint, Dr. Carroll denies these allegations.

58. Answering the allegations of paragraph 92 of the complaint, Dr. Carroll denies these allegations.

## VII

### SEVENTH CLAIM FOR RELIEF

### (Mandamus)

59. Answering the allegations of paragraph 93 of the complaint, Dr. Carroll re-alleges and incorporates by reference his responses to each and every paragraph of the complaint

60. The allegations contained in paragraphs 93 – 107 and constituting Plaintiff's seventh claim for relief are not alleged against this responding party. Therefore, Dr. Carroll has no knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies each and every allegation contained therein.

### **AFFIRMATIVE DEFENSES**

Dr. Carroll asserts the affirmative defenses set forth below and specifically reserves the right to amend his answer with additional affirmative defenses and/or counterclaims if information obtained through additional investigation and discovery merit such additional defenses and/or counterclaims.

### FIRST AFFIRMATIVE DEFENSE

As and for a first, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's claims for relief, subject to court determination, are interpreted pursuant to The Employment Retirement Income Security Act ("ERISA").

### SECOND AFFIRMATIVE DEFENSE

As and for a second, separate and affirmative defense, Dr. Carroll is informed and believed

and thereon alleges the Northern District of California is an improper venue for this action.

### THIRD AFFIRMATIVE DEFENSE

As and for a third, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a cause of action against any defendants.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges that through plaintiff's conduct, to be determined by the court as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in his complaint.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges any damages sustained by plaintiff by reason of the events alleged in his complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

As and for a eighth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against defendants by reason of his complaint.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth, separate and affirmative defense, Dr. Carroll denies plaintiff has sustained any injury or damage by any act or omission by Dr. Carroll. However, if it is established that plaintiff suffered an injury or damage for which Dr. Carroll is held liable, Dr. Carroll alleges such injury or damage is to be determined by the court as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on plaintiff's behalf, and that those negligent acts and/or wrongful acts by plaintiff or others eliminate and/or reduce any damages plaintiff can recover from Dr. Carroll in this action.

**TENTH AFFIRMATIVE DEFENSE**

As and for a tenth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be determined by the court as proximately caused in whole or in part by the negligence or fault of persons or entities other than Dr. Carroll, and for whom Dr. Carroll is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from Dr. Carroll in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

As and for a eleventh, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff, as to be determined by the court, failed to exercise reasonable care and diligence to mitigate his damages, if any. As a consequence, plaintiff's claim should be barred, or

alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate his damages.

### TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's claims for relief, as to be determined by the court, are barred by the principle of unjust enrichment.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges each and every act or statement done or made by Dr. Carroll with reference to plaintiff, before and after plaintiff filed his original complaint, was privileged as a good faith assertion of Dr. Carroll's legal and contractual rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff is not entitled to any further benefits or any other compensation from Dr. Carroll.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's claims for relief are barred by the parole evidence rule.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's claims for relief are barred by the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges the claim decision was correct and proper under the terms of the policy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for a eighteenth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff, by virtue of the legal doctrine of waiver and laches, as to be determined by the court, is estopped from pursuing some or all of the claims alleged against Dr. Carroll.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff is not entitled to attorneys' fees or damages in the amount of future benefits pursuant to any of the claims for relief alleged in his complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

As and for a twentieth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's damages claims, if any, are limited by the provisions of Insurance Code Section 10111.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for a twenty-first, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's remedy for any alleged breach of contract, if not subject to ERISA, is limited by California Civil Code sections 3300 and 3302.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for a twenty-second, separate and affirmative defense, Dr. Carroll is informed and

believed and thereon alleges plaintiff has failed to allege, and has no facts to prove, under the clear and convincing standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code sections 3294.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for a twenty-third, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges an award of punitive damages and/or injunctive relief violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for a twenty-fourth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges any award of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for a twenty-fifth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of benefits pursuant to any of the causes of action alleged in his Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for a twenty-sixth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's complaint and each and every cause of action therein is barred by plaintiff's failure to exhaust administrative remedies.

/ / /

/ / /

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for a twenty-seventh, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges the provisions and limitations of California MICRA statutes apply to any and all causes of action against Dr. Carroll. By virtue of the provisions of MICRA, in the event this answering defendant is found to be liable for any damages awarded to plaintiff, if any (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages for non-economic losses shall not exceed the amount specified in Civil Code section 3333.2.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As and for a twenty-eighth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's claims for relief, or some of them, are limited or barred by the economic loss rule.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As and for a twenty-ninth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's claims for relief, or some of them, are barred by the agent immunity rule.

## THIRTIETH AFFIRMATIVE DEFENSE

As and for a thirtieth, separate and affirmative defense, Dr. Carroll is informed and believed and thereon alleges plaintiff's claims for relief, or some of them, are barred by justification.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant Dr. Carroll hereby demands a trail by jury.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Carroll prays for judgment to be determined by the court in his favor as follows:

1. That plaintiff take nothing by reason of his complaint on file herein;
2. That Dr. Carroll be awarded his costs and expenses incurred in this action;
3. That Dr. Carroll be awarded attorneys' fees incurred in this action; and
4. That Dr. Carroll recover such other and further relief as the court may deem just and proper.

Dated:   December 7, 2007

NEIL, DYMOTT, FRANK,
McFALL & TREXLER
A Professional Law Corporation

By:   s/ Michael I. Neil
Michael I. Neil
M. Todd Ratay
Attorneys for Defendant
MATTHEW F. CARROLL, M.D.

XMSA1832