HASSARD BONNINGTON LLP
MARC N. ZIMMERMAN, ESQ., State Bar No. 100521
JOANNA L. STOREY, ESQ., State Bar No. 214952
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3993
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: jls@hassard.com

Attorneys for Defendant
MARK W. BONDI, Ph.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB E. BLAKE, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>UNUMPROVIDENT CORPORATION, et. al.,<br><br>Defendants. | No. C 07-05957 SC<br>State Complaint Filed: Oct. 16, 2007<br><br>**NOTICE OF MOTION AND DEFENDANT MARK BONDI, PH.D.'S MOTION TO DISMISS THE FIFTH AND SIXTH CAUSES OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 8, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Samuel Conti |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **February 8, 2008**, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, defendant MARK W. BONDI, Ph.D. will and does hereby move this court for an order dismissing the fifth and sixth causes of action from the complaint brought against him by plaintiff BOB E. BLAKE, M.D.

This motion is made pursuant to Rules of Civil Procedure Rule 12b(6) because the fifth and sixth causes of action, on their face and without extrinsic evidence, fail to state a claim upon which relief can be granted.

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant MARK W. BONDI, Ph.D. submits the following point and authorities in support of his Rule 12b(6) motion to dismiss to the fifth and sixth causes of action in the complaint brought against him by plaintiff BOB E. BLAKE, M.D. Plaintiff alleges seven causes of action total, but only three against Dr. Bondi: (4) intentional infliction of emotional distress, (5) inducing breach of contract and (6) interference with prospective economic advantage. In brief, plaintiff alleges Dr. Bondi and several insurance companies (Unumprovident Corporation, Unum Corporation, and Unum Life Insurance Company of America, hereinafter collectively "Unum") conspired to deprive plaintiff of total disability benefits under a policy issued by Unum.

The fifth cause of action fails to state a claim upon which relief can be granted because Dr. Bondi did not "induce" Unum to breach their contract with plaintiff. Rather, according to plaintiff, Unum retained Dr. Bondi to evaluate plaintiff with the intent that he offer an opinion that plaintiff was not disabled, and thereafter, the disability benefits were terminated. In other words, Umun induced its own breach of contract, if any, as part of its effort to "target" claims for termination. Dr. Bondi did not cause the inducement or the breach, which is an essential element of the cause of action for inducing breach of contract.

The sixth cause of action fails to state a claim upon which relief can be granted because, according to plaintiff, Unum had no intention of continuing to pay disability benefits to plaintiffs. Thus, he cannot establish the required element in a claim for interference with prospective economic advantage that it was "probable" that his relationship with Unum would have resulted in future economic benefit but for Dr. Bondi's evaluation.

Both causes of action also fail as a matter of law because plaintiff failed to allege that he would have received disability benefits, but for Dr. Bondi's actions.

Accordingly, Dr. Bondi requests that the Court dismiss the fifth and sixth causes of action.

## II. STATEMENT OF FACTS[1]

Plaintiff is a medical doctor has been diagnosed with post traumatic stress disorder, bipolar disorder and cannabis dependence. (Complaint, at ¶¶28, 31). He alleges Unum issued a disability insurance policy to him. (Complaint, at ¶27). On June 25, 2005, plaintiff made a claim for total disability benefits and he received benefits from September 19, 2005 to April 19, 2007, but Unum discontinued payment of disability benefits thereafter. (Complaint, at ¶33-35).

The thrust of plaintiff's complaint is that Unum has engaged in an ongoing scheme to deprive insureds of their rightful disability benefits. He alleges in 2005, the California Insurance Commissioner filed an Accusation against Unum because it was: (a) **targeting claims for termination of benefits for their own economic advantage**, (b) failing to document claims files, (d) placing the burden of investigating the claim on the claimant, (e) misrepresenting ERISA's application, (f) **overruling attending physician's opinions based on "in-house" physician's opinions**, (h) offering adjusters "incentives" for closing files, (i) failing to disclose additional benefits, (f) defining "total disability" contrary to law, (l) **pressuring attending physicians for a finding of partial disability**, etc. .... (Complaint, at ¶21 (emphasis added) and its Exhibit C).

In his second cause of action, plaintiff alleges fraud against Unum. He specifically alleges Unum, "did not intend to pay or continue paying his benefits for total disability." (Complaint, at ¶40). Unum "adopted new and unlawful patterns and practices for processing claims . . . [and] . . . did not intend to correctly apply California law to the provisions of its POLICY." (Complaint, at ¶¶42, 45).

---

[1] This Statement of Facts is taken from the allegations of the Complaint and assumed true for purposes of this motion to dismiss only. Defendant reserves his right to contest each any every "fact" in subsequent proceedings, if necessary.

In his third cause of action for breach of the covenant of good faith and fair dealing, plaintiff alleges that Unum designed a scheme to produce biased reports by psychological examiners as a pretext for termination of plaintiff's disability rights. (Complaint, at ¶54). Most importantly, plaintiff alleges Unum retained Dr. Bondi to write such a report. (Complaint, at ¶54a). In other words, Unum (not Dr. Bondi) devised the scheme and allegedly asked Dr. Bondi to assist it.

Plaintiff alleges three causes of action against Dr. Bondi, based on a report he after he performed an insurance psychological examination of plaintiff. (Complaint, at ¶45). By the face of the complaint, it is apparent that Dr. Bondi performed the examination sometime in 2006 (after the Accusation against Unum had been lodged). In essence, plaintiff claims the defendants "conspired" to produce biased reports as a pretext for termination of his benefits. (Complaint, at ¶54).

### III.  LEGAL ARGUMENT

#### A.  Basis For Motion To Dismiss

A Rule 12(b)(6) dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department (9th Cir. 1990) 901 F.2d 696, 699. In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Cahill v. Liberty Mutual Insurance Co. (9th Cir. 1996) 80 F.3d 336, 337-338.

#### B.  The Fifth Cause of Action Cause of Action Fails to State a Claim upon which Relief can be Granted Because Dr. Bondi Did Not Induce the Breach.

In his fifth cause of action, plaintiff alleges Dr. Bondi induced Unum to breach its contract with him to provide disability benefits. The problem with this cause of action is that plaintiff previously alleged Unum had devised the scheme to withhold benefits prior to Dr. Bondi's involvement in his case. In fact, the Insurance Commissioner's Accusation (which included allegations that Unum targeted claims for

termination for its own economic gain and used its in-house physicians to trump the opinions of the insured's attending physicians) was filed before Dr. Bondi allegedly examined plaintiff.

In California, plaintiff must plead the following elements to state the cause of action for inducing breach of contract:

(1) he had a valid and existing contract;

(2) the defendant had knowledge of the contract and intended to induce its breach;

(3) the contract was in fact breached by the contracting party;

(4) the breach was caused by the defendant's unjustified or wrongful conduct; and

(5) the plaintiff has suffered damage.

Dryden v. Tri-Valley Growers (1977) 65 Cal.App.3d 990, 995; see also Pacific Gas & Electric Company v. Bear Stearns & Company (1990) 50 Cal.3d 1118, 1126. The essence of the claim is that a "stranger" or "outsider" to the contract, who has "no legitimate social or economic interest" induce the breach. Applied Equipment Corporation v. Litton Audi Arabia Limited (1994) 7 Cal.4th 503, 513-514. Moreover:

> "It has been repeatedly held that a plaintiff, seeking to hold one liable for unjustifiably inducing another to breach a contract, **must allege that the contract would otherwise have been performed**, and that it was breached and abandoned by reason of the defendant's wrongful act and that such act was the moving cause thereof."

Forcier v. Microsoft Corp. (N.D. Cal. 2000) 123 F.Supp.2d 520, 532; emphasis added (citing Dryden v. Tri-Valley Growers (1977) 65 Cal.App.3d 990, 995).

Plaintiff's complaint necessarily lacks the "stranger" requirement as well as the fourth and most important element: causation. Here, plaintiff alleges Unum designed the alleged scheme to defraud him of his disability benefits before Dr. Bondi came into the picture. According to plaintiff, it was not Dr. Bondi who induced the breach of contract, it was Unum itself. Thus, the breach, if any, was not caused by Dr. Bondi. Moreover, plaintiff did not (and cannot) allege the contract would have

-5-

otherwise been performed because, according to him, Unum had no intention to perform.

The fifth cause of action cause of action fails to state a claim upon which relief can be granted and must be dismissed.

### C. The Sixth Cause of Action Fails to State a Claim upon which Relief can be Granted Because Plaintiff Cannot Allege that is was "Probable" that His Relationship with Unum Would have Resulted in Future Economic Benefit But for Dr. Bondi's Evaluation.

The required elements for plaintiff's sixth cause of action for interference with prospective economic advantage are similar to the elements required in his fifth cause of action. Pacific Gas & Electric Co. v. Bear Stearns & Co (1990) 50 Cal.3d 1118, 1126; see also Pardi v. Kaiser Foundation Hospitals (9th Cir. (Cal) 2004) 389 F.3d 840, 852. The only exception is that in this cause of action, plaintiff need not show there was an existing contract between he and Unum.

The threshold causation element is proof that the plaintiff was in a relationship with Unum that "probably" would have resulted in a future economic benefit to the plaintiff.   Youst v. Longo (1987) 43 Cal.3d 64, 71.  According to the California Supreme Court:

> Although varying language has been used to express this threshold requirement, the cases generally agree it must be reasonably probable that the prospective economic advantage would have been realized but for defendant's interference.

Youst v. Longo (1987) 43 Cal.3d 64, 71; see also Pardi v. Kaiser Foundation Hospitals (9th Cir. (Cal) 2004) 389 F.3d 840, 852.

Plaintiff did not (and cannot) allege this probability requirement in his sixth cause of action against Dr. Bondi because he has already alleged Unum devised a scheme to deprive him of his disability benefits. Thus, Dr. Bondi did not cause the loss of potential future economic benefit and plaintiff cannot prove it was probable he would have received a benefit but for Dr. Bondi's report. Under plaintiff's theory of the case, Unum was intent on terminating his benefits regardless of who

evaluated plaintiff.

The sixth cause of action cause of action fails to state a claim upon which relief can be granted and must be dismissed.

### IV.   CONCLUSION

Based on the foregoing, defendant Mark W. Bondi, Ph.D. respectfully requests that the Court grant his motion to dismiss as to the fifth and sixth causes of action.

Dated:  December 19, 2007            HASSARD BONNINGTON LLP

By: _____
Joanna L. Storey, Esq.
Attorneys for Defendant
MARK W. BONDI, Ph.D.