Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
Bennett M. Cohen, Esq. SBN 98065
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259

Attorneys for Plaintiff BOB BLAKE, M.D.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BLAKE, M.D., | ) Case No.: C 07-5957 SC **(E-FILING)** |
| Plaintiff, | ) |
| | ) PLAINTIFF BOB BLAKE, M.D.'S |
| v. | ) MOTION FOR REMAND BACK TO |
| | ) STATE COURT AND REQUEST FOR |
| UNUMPROVIDENT CORPORATION; UNUM | ) COSTS AND FEES (28 U.S.C. §§ 1332 |
| CORPORATION, UNUM LIFE INSURANCE | ) and 1447) |
| COMPANY OF AMERICA, MATTHEW F. | ) |
| CARROLL, M.D., LYNETTE D. RIVERS, | ) [Filed concurrently with Plaintiff's Notice |
| PH.D., MARK BONDI, PH.D., | ) of Motion; Declaration of Chris Renner] |
| COMMISSIONER OF THE CALIFORNIA | ) |
| DEPARTMENT OF INSURANCE and DOES 1 | ) DATE: Friday, February 8, 2007 |
| – 20, inclusive, | ) TIME:   10:00 A.M. |
| | ) DEPT:   Courtroom 1, 17th Floor |
| | ) |
| Defendants. | ) TRIAL DATE: Not Yet Set |
| | ) |

0

# I.  **INTRODUCTION**

Plaintiff Bob Blake, M.D. ("Plaintiff") respectfully moves for remand of this case to state court pursuant to Title 28 of the United States Code, Sections 1447 and 1332.

# II.  **NATURE OF CASE**

In his complaint -- a complaint which raises no federal question -- Plaintiff alleges that Defendants UNUMPROVIDENT CORPORATION, UNUM CORPORATION, UNUM LIFE INSURANCE COMPANY OF AMERICA (hereafter referred to collectively as "Defendant Insurer") wrongfully denied disability benefits owing to him under his policy when he became disabled from her occupation as a physician.

Plaintiff also alleges state law causes of action against a physician and two psychologists -- all of whom are California residents.   Plaintiff, additionally, has named as a defendant the Commissioner of the California Department of Insurance (hereafter "Commissioner").

# III.  **ISSUES TO BE ADJUDICATED**

The principal issue is whether Defendant Insurer has met its burden to establish that ERISA governs Plaintiff's claim for benefits under *Unum Policy No. 543289 031.*

# IV. **LEGAL ARGUMENT**

## A. **DEFENDANT INSURER CANNOT ESTABLISH THAT PLAINTIFF'S UNUM POLICY IS GOVERNED BY ERISA**

### 1. **Defendant Insurer Has The Burden To Establish That Plaintiff's Unum Policy Is Governed By ERISA**

The United States District Court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994), *Finley v. U.S.,* 490 U.S. 545 (1989).  Federal courts may only adjudicate cases in which there is diversity of citizenship, a federal question, or in which the U.S. is a party. *Kokkonen v. Guardian Life Ins. Co., supra.*  The burden of establishing that a federal court has subject matter jurisdiction over a civil action rests upon the party asserting jurisdiction. *Id.* at 377.  A cause of action may be removed only if the federal court would have had subject matter jurisdiction over the action had it originally been filed there. *Caterpillar Inc. v. Williams,* 482 U.S.

1

Case No.:  C 07-5957 SC **(E-FILING)**
PLAINTIFF BOB BLAKE, M.D.'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447)

1   386, 392 (1987).

2      It is the burden of the party claiming ERISA preemption to establish that the insurance

3   policy at issue is governed by ERISA. *Kanne v. Connecticut General Life Insurance Company*, 867

4   F.2d 489, 492, footnote 4 (9th Cir. 1988); *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 574 (5th Cir.

5   1980).

6      In keeping with this principle of federal courts being of limited jurisdiction, the removal

7   statute is strictly construed against removal with *all doubt being resolved in favor of remand*.

8   *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

9   Cir. 1992.

10      Defendant Insurer cannot meet its heavy burden.

11      2.   **Plaintiff's Unum Policy Covered Only Partners In His Company And**
12         **Never Covered Any Company Employees**

13      Unum Policy No. 543289-031 expressly provides that only partners are covered. As set

14   forth in the policy, page 3:

15      ELIGIBLE GROUP(S):

16           Partners: All partners who meet the partnership criteria for California Emergency
17           Physicians Partnership in active employment.

18   (See Unum Policy No. 543289-031 attached as Exhibit "A" to Plaintiff's complaint.)

19      As set forth in the Declaration of Chris Renner, the Benefits Director for MedAmerica, the

20   business arm of California Emergency Physicians of which Plaintiff was a partner, Unum Policy

21   No. 543289 031, since its inception, has only covered physicians who are partners with the

22   company and has never covered employees of the company. The physician partners pay 100

23   percent of their own premiums and becoming insured under Unum Policy No. 543289 031 is

24   voluntary. (See Declaration of Chris Renner, paragraphs 2-5.)

25      As Mr. Renner states in pertinent part:

26      3.   MedAmerica is a company which is the business arm of California
        Emergency Physicians. California Emergency Physicians is a partnership
27         consisting of emergency room physicians. **All emergency room physicians**
        **working for California Emergency Physicians are partners.**
28

2

1    4. In or around 1999, as the Benefits Director for MedAmerica, I was involved
in obtaining disability insurance for the physicians who are partners in
2    California Emergency Physicians. **In or around 1999, MedAmerica
obtained Unum Policy No. 543289-031 for the emergency room physicians
3    of California Emergency Physicians -- all of whom are partners. (Unum
Policy No. 543289-031 was discontinued at the end of 2005.) The
4    physician partners all paid 100 percent of the cost of their own premiums
and becoming insured under Unum Policy No. 543289-031 was voluntary.**
5

6    5. As is stated on page 3 of Unum Policy No. 543289-031, only partners of
7    California Emergency Physicians were insured under this particular policy.
Non-physicians of California Emergency Physicians and MedAmerica were
8    insured under other policies (543289-011 and 543289-021). **It was my
understanding when we obtained Unum Policy No. 543289-031 that it was
9    for physician partners only and that is my understanding now. Based on
my knowledge as Benefits Director of MedAmerica, there were no
10   employees of any company insured under Unum Policy No. 543289-031
and no employees of any company have ever been insured under Unum
11   Policy No. 543289-031.** (Emphasis Added.)
12

13   Unum Policy No. 543289-021 covered employees only and Unum Policy No. 543289-011

14   covered physicians' assistants only. As stated above, Unum Policy No. 543289-031 was solely for

15   physician partners. (Declaration of Chris Renner, paragraph 6.)

16   It is well established that ERISA does not govern an insurance plan in which the sole insured is

17   the owner of that business. *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262 (9th Cir. 1991);

18   *Laventure v. Prudential Ins. Co. of Am.,* 237 F.3d 1042 (9th Cir. 2001).

19   In *Laventure v. Prudential Ins. Co. of Am., supra* at 1047, where the plaintiff was the owner

20   of his company and the only one in the company insured through the insurance policy at issue, the

21   9th Circuit Court of Appeals held that ERISA does not apply. In so holding, the court stated:

22   **LaVenture's disability insurance is not an ERISA plan because all of the benefits
flow to the owner.** We agree with the Eleventh Circuit's policy statement that **"in light
23   of the clear exclusion of benefit plans covering only owners from ERISA's scope…
it makes little sense to treat a benefit plan, which covers only a business owner"** as
24   part of the employer's employee benefit program."

25   In *Laventure v. Prudential Ins. Co. of Am., supra,* the court further explained that the federal
26

27   regulations themselves expressly exclude from the reach of ERISA policies in which only the owner

28   of a business is insured:

3

The regulations implementing this section provide that a plan "under which no employees are participants " does not constitute an ERISA employee benefit plan. 29 C.F.R. § 2510.3-3(b). **An owner of a business is not considered an "employee" for purposes of determining the existence of an ERISA plan.**  29 C.F.R. § 2510.3-3(c)(1),(2); **5** see also Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 264 (9th Cir. 1991) (**ERISA does not govern a plan whose only fully vested beneficiaries are a company's owners**). (Emphasis Added.)  Laventure v. Prudential Ins. Co. of Am., supra,. at 1045.

In this case, Defendant Insurer can offer no persuasive evidence that Plaintiff's Unum Policy is governed by ERISA as Plaintiff, like the other partners covered by the plan, was an owner of the company -- and not an employee.

### 3.   That Plaintiff's Company Also Maintained Separate Disability Policies For Its Employees Does Not Convert Plaintiff's Plan Into An ERISA

In his Declaration, Chris Renner, the Benefits Director for MedAmerica, states that California Emergency Physicians maintained a group disability policy for its employees (Unum Policy No. 543289 021 and a policy for its Physician Assistants, Unum Policy No. 543289 011.) (See Declaration of Chris Renner, paragraph 3.)  As set forth below, the existence of these additional and separate policies do not convert Plaintiff's separate policy into a policy governed by ERISA.

In Zeiger v. Zeiger (9th Cir. 1997) 131 F.3d 150 (Reported in Full-Text Format at 1997 U.S. App. LEXIS 3367), the Plaintiff, the wife and co-owner of a company with her husband, asserted a claim under the company profit-sharing plan; she contended that the plan was governed by ERISA notwithstanding that only she and her husband, both co-owners of the company, were covered under the plan.  The Ninth Circuit Court of Appeals affirmed the District Court's ruling that her claim was not governed by ERISA despite the fact that the company maintained a separate 401(k) Plan for its employees.  The court also distinguished Peterson v. American Life & Health Ins. Co. (9th Cir. 1995) 48 F.3d 404 wherein the court held that a plan was governed by ERISA where the plan covered only a partner at the time the partner's claim arose but originally had covered a partner and an employee.  As the Zeiger Court stated:

Case No.: C 07-5957 SC (**E-FILING**)
PLAINTIFF BOB BLAKE, M.D.'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447)

1     **That PPI also sponsored a separate 401(k) plan for its employees does not change the status of the Profit Sharing Plan. A non-ERISA plan is not converted into an ERISA plan merely because the employer also sponsors a separate benefits plan subject to ERISA.** *See Robertson v. Alexander Grant & Co.*, 798 F.2d 868, 871 (5th Cir. 1986). *Peterson v. American Life & Health Ins.*, 48 F.3d 404 (9th Cir. 1995), is distinguishable. In that case, the employer initially established a single health benefits plan covering an employee and therefore subject to ERISA. See id. at 406. The employer's subsequent decision to bifurcate this plan into two policies, one covering an employee and the other covering only a partner, did not negate its essential character as a single plan. See *id*. **In contrast, PPI's Profit Sharing Plan and its employee benefits plan were maintained separately at all times**.

     In *Watson v. Proctor (In re Watson)* (9th Cir. 1998) 161 F.3d 593, the plaintiff challenged a ruling of the bankruptcy court that his profit sharing plan did not constitute an "employee welfare benefit plan" under ERISA where the sole plan participant was a self-employed shareholder. The plaintiff argued that his plan was part of an overall benefit program on the grounds that the company also had a plan which covered a nurse employee. In affirming the bankruptcy court's holding that Plaintiff's profit sharing plan was <u>not</u> governed by ERISA, the 9th Circuit Court of Appeals stated:

> Watson contends that his plan is sufficiently related to the plan covering his nurse "employees" to warrant ERISA coverage for his own Plan. **However, even if the plans were created simultaneously or shared other common characteristics, they are independent plans under ERISA.** Watson provides no authority and we find no provisions in ERISA or interpretations in the case law which support his proposition. *Id.* at 596. (fn. 4)

     In *Robertson v. Alexander Grant & Co.* (5th Cir. 1986) 798 F.2d 868, Plaintiff, a partner in an accounting firm, sought retirement benefits pursuant to the partnership agreement. The partnership denied retirement benefits and contended that the Plaintiff's claim was governed by ERISA because the partnership also had a nearly identical retirement plan for employees of the partnership. In holding that ERISA did <u>not</u> govern the retirement plan notwithstanding that the company also had a retirement plan for employees which was nearly identical, the Court of Appeals stated:

> Additionally, Congress has twice amended ERISA's definitions sections since the statute's enactment, and in neither instance has Congress altered the definitions of employee or employee benefit plan, thereby adding weight to the Secretary's interpretation of the terms. *See Board of*

5

1    *Governors v. First Lincolnwood Corp.,* 439 U.S. 234, 248, 99
2    S. Ct. 505, 513, 58, L.Ed.2d 484, 495 (1978). **Accordingly, we**
     **hold that ERISA is inapplicable to retirement plans covering**
3    **only partners**. *Robertson v. Alexander Grant & Co., supra* at 871.
     (Emphasis Added.)
4

5        In *Robertson v. Alexander Grant & Co.,* in rejecting the partnership's argument that the

6    existence of a nearly identical retirement plan for employees rendered the partner's plan an ERISA

7    plan, the court stated:

8        Robertson's argument, however, misses the point. **His argument ignores the fact**
         **that the plans, however similar, are two separate plans. The plan covering**
9        **the partners does not pay any benefits to principals, and the plan covering**
         **principals does not pay any benefits to partners.** Since the plans are separate,
10       the plan covering partners covers only partners, and the district court correctly
         ruled that the plan does not cover employees other than partners…
11       Finding ERISA inapplicable to plans covering only partners, and finding that the
12       Grant plan covered only partners, we affirm the judgment of the district court. *Id.*
         at 871-872. (Emphasis Added.)
13

14       (See also *Kemp v. IBM* (11th Cir. 1997) 109 F.3d 708 wherein the court held that "non-ERISA

15   benefits do not fall within ERISA's reach merely because they are included in a multibenefit plan

16   along with ERISA benefits." *Id.* at 713.)

17       In the instant case, as in the cases cited above, Plaintiff's disability policy covered only partners

18   of his company and never covered employees.  Accordingly, it is not governed by ERISA.

19       **4.    As The Commissioner Is Not A "Citizen" Of Any State, His Presence In**
                 **This Action, Necessarily Requires Remand**
20

21       As ERISA does not apply to Unum Policy No. 543289-031, remand is proper.

22       Remand is clearly proper for other reasons.  First, diversity of citizenship clearly exists as the

23   three individual defendants named in this action are California residents.   Secondly, diversity of

24   citizenship exists as the Commissioner is a named defendant and, as set forth below, a federal court

25   cannot hear and adjudicate a case against the Commissioner arising under state law.

26       As the Commissioner is not a "citizen" of any state and as diversity jurisdiction under 28 USC

27   Section 1332 requires that the action be between "citizens" of different states, diversity of

28
                                            6

1   citizenship can <u>never</u> exist as long as the Commissioner is a defendant.

2       In *Hangarter v. Paul Revere Life Ins. Co.*, 2006 U.S. Dist. LEXIS 5295), wherein the

3   Commissioner was named as a defendant in a class action insurance bad faith action against a

4   number of the same defendants as are present herein, the defendants apparently made the argument

5   that the Commissioner's presence as a viable defendant does not destroy diversity. In expressly

6   rejecting this argument, the Honorable William Alsup stated:

7           **This Court does not have jurisdiction over the case under any other provision of
            Section 1332 because there is no complete diversity of citizenship.** Complete
8           diversity of citizenship exists only if *each* plaintiff would have the right to sue *each*
            defendant separately under Section 1332. *Newman-Green, Inc. v. Alfonzo-Larrain*,
9           490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1986). Plaintiff would not
10          have the right to sue the Commissioner under Section 1332. She has no such right
            because a citizen of a state, such as herself, may only sue under the diversity statute
11          if the defendant is a citizen of a different state, or a citizen or subject of a foreign
            nation. *See* Section 1332(a)(1)-(3). The Commissioner is not a "citizen" because the
12          alter egos of states are never considered citizens under Section 1332. *See State
            Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 199-200, 49 S. Ct. 104, 73 L.
13          Ed. 262 (1929). ***No district court therefore would have diversity jurisdiction to
            hear a case brought by plaintiff against the Commissioner***. (Emphasis Added.)
14          *Hangarter v. Paul Revere Life Ins. Co.*, at 16.
15

16      Judge Alsup's emphatic rejection of the argument that the Commissioner's presence in the

17  action does not destroy diversity jurisdiction is well supported by case law.

18      It is settled that a lawsuit brought by or against a state officer acting in his official capacity is

19  treated as a suit against the state itself and cannot be maintained in federal court on the basis of

20  diversity jurisdiction. *Wilkerson v. Missouri department of mental health et al.*, 279 F. Supp. 2d

21  1079 (E.D. Mo. 2003), *Batton v. Ga. Gulf*, 261 F. Supp. 2d 575, 581 (M.D. La. 2003), , *Harris v.*

22  *Ideal Cement Co.*, 290 F.Supp. 956 (S.D.Tx. 1968); See *Postal Telegraph Cable Co. v. State of*

23  *Alabama*,  155 U.S. 482, 487, 39 L.Ed. 231, 15 S. Ct. 192 (1894)., *See* Schwartzer et al, *Federal*

24  *Civil Procedure Before Trial*, §2:247 (Rutter Group, 2005) (Emphasis added).

25      Under California law, moreover, a suit against the Commissioner can only be maintained in the

26  California courts.  Under California Insurance Code, the Commissioner's actions are "subject to

27  review by the <u>courts of this state</u>. . . in accordance with the [California] Code of Civil Procedure."

28

1   Ins. Code §10291.5(h) (Emphasis Added). As such, the California Legislature has clearly expressed

2   its unambiguous intent that a mandamus action such as herein be reviewed by California courts. As

3   both federal and state law clearly establish that an action against the Commissioner must be

4   maintained in state court, his presence, as stated, necessarily destroys diversity jurisdiction.

5        **5.   The 11TH Amendment Bars The Adjudication Of Plaintiff's Claims
         Against The Commissioner In Federal Court**

6

7        The 11th Amendment to the U.S. Constitution bars the federal court from adjudicating a case in

8   which the State of California is a defendant and the case against it arises under state law. *Cardenas*

9   *v. Anzai,* (9th Cir. 2002) 311 F.3d 929, 934. *Natural Resources Defense Council v. California DOT,*

10  (9th Cir. 1996) 96 F.3d 420.

11       **The Eleventh Amendment of the United States Constitution prohibits federal
         courts from hearing suits brought by private citizens against state governments,**

12       **without the state's consent.** *Hans v. Louisiana,* 134 U.S. 1, 15, 33 L. Ed. 842, 10 S.

13       Ct. 504 (1890). **State immunity extends to state agencies and to state officers,
         who act on behalf of the state and can therefore assert the state's sovereign**

14       **immunity.** *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506

         U.S. 139, 113 S. Ct. 684, 687-88, 121 L. Ed. 2d 605 (1993); *Pennhurst State Sch. &*

15       *Hosp. v. Halderman,* 465 U.S. 89, 101, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984). **In**

16       **general, federal court jurisdiction will not be found against a state official when
         the state is the real party in interest.** *Pennhurst,* 465 U.S. at 101-02; *Scheuer v.*

17       *Rhodes,* 416 U.S. 232, 237, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974). *Natural*
         *Resources Defense Council v. California DOT, supra* at 421.

18

19       In *Read v. National Equity Life Ins. Co.,* (10th Cir. 1940) 114 F.2d 977, an insurance company

20  bought suit against insurance Commissioner of State of Oklahoma after the Commissioner, pursuant

21  to state law, had disapproved of a policy the insurance company wished to issue in the state. In

22  reversing the trial court's judgment against the Commissioner on the ground that the Eleventh

23  Amendment bars the federal court from ruling on the case, the Court of Appeals stated:

24       In the discharge of these duties it becomes necessary for him [the state Insurance
         Commissioner] to examine applications for forms of insurance and make decisioins

25       (*sic*) concerning the same. **As long as he acts within the provisions of the statute
         he is, for all purposes, the state, (citations omitted), and a suit against him may**

26       **not be maintained in the federal courts because prohibited by the Eleventh
         Amendment to the Constitution of the United States.** (Emphasis Added.) *Id.* at

27       978-979.

28

Case No.: C 07-5957 SC (**E-FILING**)
PLAINTIFF BOB BLAKE, M.D.'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447)

1    In this case, as in *Read v. National Equity Life Ins. Co.*, the allegations against the

2    Commissioner relate exclusively to the discharge of his duties under state law. Accordingly, the

3    11th Amendment applies and the Commissioner cannot be sued in federal court.

### 6. As The 11TH Amendment Bars The Adjudication Of Plaintiff's Claim Against The Commissioner In Federal Court, The Court Cannot Exercise Supplemental Jurisdiction Over These Claims

7    "Supplemental Jurisdiction" cannot be used to hear and adjudicate a case against a state

8    barred by the 11th Amendment. *County of Oneida v. Oneida Indian Nation*, (1985) 470 U.S. 226,

9    251.

**"[Neither] pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment**. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Id.*, at 121. The indemnification claim here, whether cast as a question of New York law or federal common law, is a claim against the State for retroactive monetary relief. **In the absence of the State's consent,** *id.*, **at 99 (citing** *Clark* **v.** *Barnard*, **108 U.S. 436, 447 (1883)), the suit is barred by the Eleventh Amendment**."). *(Emphasis Added.) County of Oneida v. Oneida Indian Nation, supra* at 251.

15    Accordingly, as Plaintiff has asserted a cause of action under California law against the

16    Commissioner, that cause of action must be remanded to state court.

### V. CONCLUSION.

18    For the reasons shown, Plaintiff respectfully requests that this Court order remand of the

19    case in its entirety. In the alternative, Plaintiff requests that if this Court finds that the pleadings are

20    in some manner insufficient, he be allowed to amend and thereafter request remand.

21    Respectfully submitted,

22    Dated: December 21, 2007          BOURHIS & MANN

24    By: _____

25        Ray Bourhis, Esq.

26        Lawrence M. Cohen, Esq.

        Bennett M. Cohen, Esq.

27    Attorneys for Plaintiff BOB BLAKE, M.D.

9

**PROOF OF SERVICE**
*Bob Blake, M.D. v. Unumprovident Corporation, et al.*

*U.S. District Court, Northern District of California, Case No. C07-5957 SC*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On December 21, 2007, I will serve the following documents:

PLAINTIFF BOB BLAKE, M.D.'S MOTION FOR REMAND BACK TO STATE COURT

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**UNUMPROVIDENT CORPORATION, UNUM CORPORATION, UNUM LIFE INSURANCE COMPANY OF AMERICA**
John C. Ferry, Esq.
Thomas M. Herlihy, Esq.
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Ste. 2500
San Francisco, CA 94104-4798
Phone: (415) 951-0535
Fax:    (415) 391-7808
Email: jferry@kelher.com
Email: herlihy@kelher.com

**Defedandant MARK W. BONDI, Ph.D.**
Joanna L. Storey, Esq., SBN 214952
Marc N. Zimmerman, Esq., SBN 100521
HASSARD BONNINGTON LLP
2 Embarcadero Ctr., Ste. 1800
San Francisco, CA 94111
Tel: (415) 288-9800
Fax: (415) 288-9801
jls@hassard.com

**DEFENDANT MATTHEW F. CARROLL, M.D**
Michael I. Neil, Esq.
M. Todd Ratay, Esq.
NEIL, DYMOTT, FRANK, McFALL & TREXLER
1010 Second Avenue, Suite 2500
San Diego, CA 92101-4959
Phone: (619) 238-1712
Fax: (619) 239-1562

**FOR THE DOI OF THE CALIFORNIA DEPARTMENT OF INSURANCE:**
Anne Michelle Burr, Esq.
Deputy Attorney General
455 Golden Gate Avenue,, Ste. 1100
San Francisco, CA 94102
Tel: (415) 703-1403
Fax: (415) 703-5480

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on December 21, 2007.

Mary M. Martin

10

Case No.: C 07-5957 SC **(E-FILING)**
PLAINTIFF BOB BLAKE, M.D.'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447)