Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
Bennett M. Cohen, Esq. SBN 98065
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259

Attorneys for Plaintiff BOB E. BLAKE, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB E. BLAKE, M.D., | ) Case No.: C 07-5957 SC |
| | ) State Complaint Filed: 10/16/07 |
| Plaintiff, | ) |
| | ) MEMORANDUM OF POINTS & |
| v. | ) AUTHORITIES IN OPPOSITION TO |
| | ) MOTION TO DISMISS THE FIFTH |
| UNUMPROVIDENT CORPORATION, UNUM | ) AND SIXTH CAUSES OF ACTION |
| CORPORATION, UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA, MATHEW F. | ) DATE : February 8, 2008 |
| CARROLL, M.D., LYNETTE D. RIVERS, | ) TIME : 10:00 A.M. |
| PH.D., MARK W. BONDI, PH.D., | ) COURTROOM: "1", 17th Floor |
| COMMISSIONER OF THE CALIFORNIA | ) JUDGE: The Honorable Samuel Conti |
| DEPARTMENT OF INSURANCE and DOES 1 | ) |
| through 50, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.   INTRODUCTION

The motion to dismiss Plaintiff's Fifth and Sixth Causes of Action brought by Defendant Mark W. Bondi, Ph.D. (hereafter "Defendant Bondi") is without merit as it disregards the fundamental rules of pleading in both federal and state courts.

///

**Even before the Court reaches the merits of this motion to dismiss, Plaintiff respectfully urges that the Court first consider and adjudicate his motion to remand which is set for hearing on the same day. In the event the Court orders the case remanded, this motion to dismiss is not properly before the court.**

## II.   ARGUMENT

### A. A RULE 12(B)(6) MOTION TESTS A PARTY'S ALLEGATIONS, NOT THE EVIDENCE

A Rule 12(b)(6) motion tests the *legal sufficiency* of the claims stated in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46; 78 S.Ct. 99, 102; *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). The Court must determine whether, assuming all of the facts alleged to be true, the plaintiff would be entitled to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Id.* Thus, a Rule 12(b)(6) dismissal is proper only where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a 12(b)(6) motion to dismiss, the court must construe the allegations of the complaint in the light that is most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The court must accept as true all material allegations in the complaint, as well as *reasonable inferences* to be drawn from them. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

No matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams* 490 U.S. 319, 199 S.Ct. 1827, 1833 (1989).

///

//

///

## B. PLAINTIFF MAY PROPERLY ALLEGE ALTERNATIVE AND EVEN INCONSISTENT THEORIES OF LIABILITY

In California state court, a complaint is proper if it alleges alternative and even inconsistent facts and causes of action. *Rader Co. v. Stone* (1986) 178 Cal.App.3d. 10, 29, *Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 181.

In *Rader Co. v. Stone, supra*, wherein the court overruled a demurrer to Plaintiff's complaint even though it pled inconsistent facts to support two causes of action, the court stated:

> Moreover, Rader is not precluded by law from alleging in one cause of action the breach of a contract and an inconsistent theory of recovery in another cause of action. **To the extent Rader's allegation in one cause of action of a fully executed contract with Stone is at odds with an allegation in a separate cause of action that PSR interfered in Rader's advantageous relationship with Stone, such inconsistency is not fatal to Rader's claims at the pleading stage, as "a plaintiff is permitted to plead inconsistent or, . . ., alternative counts."** (*Skelly* v. *Richman* (1970) 10 Cal.App.3d 844, 856 [89 Cal.Rptr. 556].) *Rader Co. v. Stone, supra* at 29. (Emphasis Added.)

In federal court, a plaintiff may allege separate causes of action containing theories of liability which are inconsistent with one another. *Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Authority* (3rd. Cir. 1997) 103 F.3d 1165, 1175. A party may properly allege alternative and hypothetical theories in the same cause of action. *McCalden v. California Library Association* (9th Cir, 1990) 955 F.2d 1214, 1219, *Ayers v. United States* (6th Cir. 2002) 277 F.3d 821, 829. A plaintiff may properly even plead two or more inconsistent statements in the same cause of action. *Henry v. Daytop Village, Inc.* (2d. Cir. 1994) 42 F.3d 89, 95, *Marcella v. ARP Films, Inc.* (2nd Cir. 1985) 778 F.2d 112, 117.

## C. PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION PROPERLY ALLEGE ALTERNATIVE CAUSES OF ACTION AND THEREFORE SHOULD NOT BE DISMISSED

The requirements of pleading a cause of action of inducing breach of contract are set forth as follows in *Applied Equip. Corp. v. Litton Saudi Arabia* (1994) 7 Cal. 4th 503:

///

> To recover in tort for intentional interference with the performance of a contract, a plaintiff must prove: (1) a valid contract between plaintiff and another party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Id.* at 514.

The elements of a cause of action for interference with prospective business advantage are the defendant's awareness of the economic relationship between the plaintiff and the other party, a deliberate and wrongful interference with that relationship by the defendant, and resulting injury to the plaintiff. *Della Penna v. Toyota Motor Sales, U.S.A.* (1995) 11 Cal. 4th 376, 391-393.

In Plaintiff's fifth cause of action for inducing breach of contract, Plaintiff has pled that Defendant Bondi was aware of the disability policy between Plaintiff and the Defendant insurers (Complaint, paragraph 83), that Defendant Bondi intentionally induced the insurer defendants to breach the contract (Complaint, paragraph 84), and that Plaintiff was injured thereby (Complaint, paragraph 85).

In Plaintiff's sixth cause of action for interference with prospective business advantage, Plaintiff has pled that Defendant Bondi was aware of the disability policy between Plaintiff and his insurers (Complaint, paragraph 87), that Defendant Bondi intentionally interfered with Plaintiff's prospective economic advantage with the insurer defendants (Complaint, paragraph 88), and that Plaintiff was injured thereby (Complaint, paragraph 89).

Under the above-cited case law permitting Plaintiff to allege alternative and inconsistent theories, the fact that Plaintiff has alleged in an earlier cause of action that Defendant Bondi and the insurer defendants conspired to deprive Plaintiff of benefits or that the Defendant insurers never intended to pay these benefits does not invalidate these separate and alternative causes of action.

### III. CONCLUSION

Based on the above, Plaintiff respectfully requests that this Court rule on Plaintiff's motion to remand prior to considering this motion to dismiss.

In the event that the Court does rule on this motion to dismiss, Plaintiff respectfully

1 | requests that the Court deny the motion.

In the event that the Court finds that Plaintiff's causes of action are not adequately or properly plead, Plaintiff respectfully requests leave to amend to cure any such deficiency.

Dated: January 18, 2008					Respectfully submitted,

BOURHIS & MANN

By: _____
Ray Bourhis
Lawrence Mann
Bennett M. Cohen
Attorneys for Plaintiff BOB E. BLAKE, M.D.

## PROOF OF SERVICE
### Bob Blake, M.D. v. Unumprovident Corporation, et al.
### U.S. District Court, Northern District of California, Case No. C07-5957 SC

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On January 18, 2008, I will serve the following documents:

MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS THE FIFTH AND SIXTH CAUSE OF ACTION

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

| | |
|---|---|
| **UNUMPROVIDENT CORPORATION, UNUM CORPORATION, UNUM LIFE INSURANCE COMPANY OF AMERICA**<br>John C. Ferry, Esq.<br>Thomas M. Herlihy, Esq.<br>KELLY, HERLIHY & KLEIN LLP<br>44 Montgomery Street, Ste. 2500<br>San Francisco, CA 94104-4798<br>Phone: (415) 951-0535<br>Fax:    (415) 391-7808<br>Email: jferry@kelher.com<br>Email: herlihy@kelher.com | **DEFENDANT MATTHEW F. CARROLL, M.D**<br>Michael I. Neil, Esq.<br>M. Todd Ratay, Esq.<br>NEIL, DYMOTT, FRANK, McFALL & TREXLER<br>1010 Second Avenue, Suite 2500<br>San Diego, CA  92101-4959<br>Phone: (619) 238-1712<br>Fax: (619) 238-1562<br>kmoscinski@neildymott.com<br>dburke@neildymott.com<br>msmith@neildymott.com |

**Defedandant MARK W. BONDI, Ph.D.**
Joanna L. Storey, Esq., SBN 214952
Marc N. Zimmerman, Esq., SBN 100521
HASSARD BONNINGTON LLP
2 Embarcadero Ctr., Ste. 1800
San Francisco, CA  94111
Tel: (415) 288-9800
Fax: (415) 288-9801
jls@hassard.com

(X) (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on January 18, 2008.

_/s/ Mary M. Martin_
Mary M. Martin