THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
       jferry@kelher.com

Attorneys for Defendants
UNUM GROUP (formerly known as
UNUMPROVIDENT CORPORATION),
UNUM CORPORATION (a now non-existent
entity, properly referred to as Unum Group)
and UNUM LIFE INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BLAKE,<br><br>  Plaintiff,<br><br>vs.<br><br>UNUMPROVIDENT CORPORATION; UNUM CORPORATION, UNUM LIFE INSURANCE COMPANY OF AMERICA, MATHEW F. CARROLL, M.D., LYNETTE D. RIVERS, PH.D., MARK W. BONDI, PH.D., COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE, and DOES 1 through 50 inclusive,<br><br>  Defendants. | Case No.: C 07-05957 SC<br>(State Complaint Filed: October 16, 2007)<br><br>**THE CORPORATE DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF CHRISS RENNER**<br><br>Date: February 8, 2008<br>Time: 10:00 a.m.<br>Court: 1<br><br>Trial Date: Not Yet Set<br><br>The Honorable Samuel Conti<br><br>Supporting Documents:<br>1. Points and Authorities<br>2. Declaration of John Ferry;<br>3. Declaration of David Chidester<br>4. Declaration of Sarita Johnston |

1  Defendants, UNUM GROUP (formerly known as UNUMPROVIDENT
2  CORPORATION), UNUM CORPORATION (a corporation that on June 30, 1999 merged with
3  and into Provident Companies, Inc., which then amended its charter on June 30, 1999 to change
4  its name to UnumProvident Corporation, now known as Unum Group), THE PAUL REVERE
5  LIFE INSURANCE COMPANY and UNUM LIFE INSURANCE COMPANY OF AMERICA
6  (collectively "Corporate Defendants") hereby submit these objections to and motion to strike the
7  Declaration of Chris Renner submitted by Plaintiff in support of his motion to remand.

## I. OBJECTIONS

Plaintiff premises his entire motion on a document that he attaches to the complaint which purports to be the complete policy at issue in this litigation. However, the Renner Declaration, which supports this assertion is objectionable for the following reasons.

1. No where in his declaration does Mr. Renner make any attempt to authenticate the document attached to the complaint as Exhibit A which purports to be the policy at issue in this litigation. As Plaintiff's entire motion is premised on the applicability of Exhibit A to this case, this is a fatal defect.

2. Mr. Renner states at paragraph 4, that he "was involved" in obtaining disability insurance for the "physicians who are partners in California Emergency Physicians ("CER"). He then skips to the assertion that "MedAmerica" obtained Unum Policy No. 543289-031. He provides not details regarding the nature of his involvement.

3. He references at paragraph 5 that "page 3 of Unum Policy No. 543289-031" states that only CER partners are covered under "this particular policy." He then goes on to reference that two allegedly separate policies (No. 543289-011 and No. 543289-021) covered non-physicians. This is patently false, as a review of the 1999 and 2002 policies attached to the Chidester and Johnston Declarations confirm that policy no. 543289-001 covers physician partners, physician employees and employees.

4. He does not present policy numbers 543289-011 and No. 543289-021 to verify that they are separate policies.

5. His statement "it was my understanding when we obtained Unum Policy No. 5432898-031 that it was for physician partners only and that is my understanding now" is not sufficient to demonstrate that he has personal knowledge regarding the actual contents of the policy at issue. FRCP 56(e). This is further contradicted by Form 5500 which Mr. Renner completed on behalf of MedAmerica which expressly states that there is only one Plan and only one policy and that it covers 489 active persons. (Ferry Dec., Ex 1)

6. His lack of personal knowledge is confirmed by the existence of a renewal of this policy in 2002 which governs the 2005 claim for disability. The 2002 renewal (Exhibit A to Chidester and Johnston Declarations) expressly states that it covers physician partners, physician employees and employees.

7. In paragraph 7, Mr. Renner states that "Dr. Robert Blake was a physician partner when the Unum Policy No. 543289-031 was in effect and was an insured under this policy." This is irrelevant as the policy at issue in this matter is the renewal policy issued in 2002 which combines all partners and employees under one policy.

Accordingly, the Corporate Defendants respectfully request that this Honourable Court strike the Renner declaration and afford it no weight in its consideration of plaintiff's remand motion.

KELLY, HERLIHY & KLEIN LLP

Dated: January 18, 2008          By_____/s/_____
                                     John C. Ferry
                                 Attorneys for Defendants
                        UNUM GROUP (formerly known as UNUMPROVIDENT
                              CORPORATION), UNUM CORPORATION,
                        THE PAUL REVERE LIFE INSURANCE COMPANY and
                        UNUM LIFE INSURANCE COMPANY OF AMERICA

E:\27261\P10doc

-2-