HASSARD BONNINGTON LLP
MARC N. ZIMMERMAN, ESQ., State Bar No. 100521
JOANNA L. STOREY, ESQ., State Bar No. 214952
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3993
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: jls@hassard.com

Attorneys for Defendant
MARK W. BONDI, Ph.D.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB E. BLAKE, M.D., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>UNUMPROVIDENT CORPORATION, et. al., <br><br>　　　　Defendants. | No. C 07-05957 SC <br>State Complaint Filed: Oct. 16, 2007 <br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE FIFTH AND SIXTH CAUSES OF ACTION** <br><br>Date: February 8, 2008 <br>Time: 10:00 a.m. <br>Courtroom: 1 <br>Judge: Hon. Samuel Conti |

　　　　Plaintiff's "alternate theories" argument does not apply because each cause of action incorporated by reference the allegations of the preceding causes of action. Thus, the allegations against Unum are relevant to the claims against Dr. Bondi. Moreover, plaintiff fails to address the fact that his fifth and sixth causes of action do not allege all required elements of the stated causes of action. The motion to dismiss should be granted.

**I.　PLAINTIFF DID NOT (AND CANNOT) ALLEGE THAT THE CONTRACT WOULD HAVE OTHERWISE BEEN PERFORMED, BUT FOR DR. BONDI'S EVALUATION.**

　　　　Plaintiff's fifth cause of action fails because he failed to allege a key element: **"that the contract would otherwise have been performed."** Forcier v. Microsoft Corp. (N.D. Cal. 2000) 123 F.Supp.2d 520, 532; emphasis added

(citing Dryden v. Tri-Valley Growers (1977) 65 Cal.App.3d 990, 995). Plaintiff did not (and cannot) allege the contract would have otherwise been performed because, according to him, Unum had no intention to perform. Regardless of the "alternate theory" argument, the element was not alleged, thus the claim fails.

The fifth cause of action cause of action fails to state a claim upon which relief can be granted and must be dismissed.

### II. PLAINTIFF DID NOT (AND CANNOT) ALLEGE THAT IS WAS "PROBABLE" THAT HIS RELATIONSHIP WITH UNUM WOULD HAVE RESULTED IN FUTURE ECONOMIC BENEFIT, BUT FOR DR. BONDI'S EVALUATION.

The threshold causation element for plaintiff's sixth cause of action for interference with prospective economic advantage is proof that the plaintiff was in a relationship with Unum that "probably" would have resulted in a future economic benefit to the plaintiff. Youst v. Longo (1987) 43 Cal.3d 64, 71.

Plaintiff did not (and cannot) allege this probability requirement in his sixth cause of action against Dr. Bondi because he has already alleged Unum devised a scheme to deprive him of his disability benefits. Thus, Dr. Bondi did not cause the loss of potential future economic benefit and plaintiff cannot prove it was probable he would have received a benefit but for Dr. Bondi's report.

The sixth cause of action cause of action fails to state a claim upon which relief can be granted and must be dismissed.

### III. CONCLUSION

Based on the moving papers and this reply, defendant Mark W. Bondi, Ph.D. respectfully requests that the Court grant his motion to dismiss as to the fifth and sixth causes of action.

Dated: January 25, 2008

HASSARD BONNINGTON LLP

By: _____
Joanna L. Storey, Esq.
Attorneys for Defendant
MARK W. BONDI, Ph.D.

-2-