HASSARD BONNINGTON LLP
MARC N. ZIMMERMAN, ESQ., State Bar No. 100521
JOANNA L. STOREY, ESQ., State Bar No. 214952
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3993
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: jls@hassard.com

Attorneys for Defendant
MARK W. BONDI, Ph.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB E. BLAKE, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>UNUMPROVIDENT CORPORATION, et. al.,<br><br>Defendants. | No. C 07-05957 SC<br>State Complaint Filed: Oct. 16, 2007<br><br>**RULE 26(f) REPORT;**<br>**DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on Friday, February 15, 2008 via teleconference and was attended by:

- Lawrence Mann, Esq. for plaintiff Bob E. Blake, M.D.
- Joanna L. Storey, Esq. for defendant Mark W. Bondi, Ph.D.
- Todd Ratay, Esq. for defendant Matthew F. Carroll, M.D.; and
- Thomas M. Herlihy, Esq. for defendants Umun Group, Unum Corporation and Unum Life Insurance Company of America.

1. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R.Civ. P. 26(a)(1) by Friday, March 7, 2008.

2. **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

///

-1-

RULE 26(f) REPORT; DISCOVERY PLAN
P:\Wdocs\HBMAIN\00045\00193\00279284.DOC-22608

a.  Discovery will be needed on the following subjects: the nature and extent of plaintiff's claims, plaintiff's pre-existing conditions, plaintiff's diagnosis by multiple health care providers, the treatment provided to plaintiff for his conditions, the effect plaintiff's conditions, if any, had on his work, plaintiff's ability to work, plaintiff's desire to work, the independent insurance examinations provided by the physician defendants, the scope of plaintiff's disability policy and coverage, if any, the circumstances surrounding the denial of plaintiff's benefits and all other related subject areas. These subjects may be expanded as determined by discovery.

b.  **Electronic Data.** Disclosure or discovery of electronically-stored information should be handled by the producing party printing the stored information onto paper and producing it in paper form. Such production should be identified as "electronic production" and by Bates stamp.

c.  **Discovery Deadline.** All discovery commenced in time to be completed by thirty (30) days before trial.

d.  **Interrogatories.** Maximum of forty-five (45) interrogatories by each party to any other party. Responses are to be due thirty (30) days after service, unless extended by agreement of the propounding party.

e.  **Requests for Admissions.** Maximum of forty-five (45) requests for admissions by each party to any other party. Responses are to be due thirty (30) days after service, unless extended by agreement of the propounding party.

f.  **Independent Mental Examination.** The parties disagree on this issue.

The defendants propose that each defendant may retain his, her or its own consultant(s) to perform an independent mental examination of plaintiff. Plaintiff will produce himself for each examination. Each examination shall be set on a date that is mutually convenient to the examiner(s) and plaintiff. If plaintiff fails to cooperate in providing reasonable available date(s) for the examination within five (5) business days receipt of a request, the examination will be set at the desire of

the noticing party.

The Plaintiff requests that defendants jointly have one IME of Plaintiff in each required medical specialty. The plaintiff requests ten (10) days to reschedule proposed IME dates.

g.  **Depositions.** Depositions shall be set on date(s) that are mutually convenient to all parties. If any party fails to cooperate in providing reasonable available date(s) for deposition within five (5) business days receipt of a request, the deposition will be set at the desire of the noticing party.

Each party may notice up to five (5) percipient witness depositions (joinders do not count towards this maximum). Each deposition of percipient witnesses is limited to six (6) hours of examination time.

The parties disagree, however, as to the number of party depositions and deposition priority.

The defendants propose the Plaintiff's deposition to proceed first, followed by the appropriate person most knowledgeable for the corporate defendants, then by each individual defendant. Each deposition of a party should be limited to twelve (12) hours of examination time.

The plaintiff proposes no priority and requests ten (10) depositions of the corporate defendants, and an additional five (5) for the individual defendants.

All limitations of this section are subject to change by agreement of the parties.

h.  **Experts.** Expert disclosures and signed reports from retained experts under Rule 26(a)(2) are due ninety (90) days before trial. Supplemental disclosures and signed reports under Rule 26(e) are due thirty (30) days before trial. Expert depositions will commence on or after fifty (50) days before trial and be completed by fifteen (15) days before trial.

///

RULE 26(f) REPORT; DISCOVERY PLAN
P:\Wdocs\HBMAIN\00045\00193\00279284.DOC-22608

3.   **Other**

    a.   **Pre-Trial Conference.** The parties request a pretrial conference in November 2008.

    b.   **Additional Parties / Amendments.** The parties disagree on this issue.

The defendants propose plaintiff shall be allowed until April 1, 2008 to join additional parties and/or amend the pleadings and defendants shall be allowed until June 1, 2008 to join additional parties and/or amend the pleadings.

The plaintiff proposes that no deadlines be imposed.

    d.   **Dispositive Motions.** All potentially dispositive motions shall be set for hearing at least thirty (30) days before trial.

    e.   **Settlement.** The parties disagree on this issue.

The defendants believe settlement discussions are premature at this time. Initial disclosures and plaintiff's deposition must be completed before settlement options can be addressed. The parties have requested an ADR Phone Conference, as required.

The plaintiff requests immediate private mediation, or immediate referral to a magistrate judge for settlement conference as to the corporate defendants

    f.   **Witness and Exhibit Lists.** Final lists of witnesses and exhibits under Rule 26(a)(3) are due thirty (30) days prior to trial. Parties shall have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    g.   **Trial.** The case should be ready for trial by January 2009.

///

      h.    **Scheduling Conference.** Since the parties disagree as to some discovery, pleading and settlement issues, the parties respectfully request that a Conference be held before the schedule is adopted by the Court.

Dated: February 26, 2008          HASSARD BONNINGTON LLP

By: _____
    Joanna L. Storey, Esq.
    Attorneys for Defendant
    MARK W. BONDI, Ph.D.

Dated: February ___, 2008          BOURHIS & MANN

By: _____
    Lawrence Mann, Esq.
    Attorneys for Plaintiff
    BOB E. BLAKE, M.D.

Dated: February ___, 2008          NEIL, DYMOTT, FRANK, MCFALL & TREXLE

By: _____
    R. Todd Ratay, Esq.
    Attorneys for Defendant
    MATTHEW F. CARROLL, M.D.

Dated: February ___, 2008          KELLY, HERLIHY & KLEIN LLP

By: _____
    Thomas M. Herlihy, Esq.
    Attorneys for Defendants
    UMUN GROUP, UNUM
    CORPORATION and UNUM LIFE
    INSURANCE COMPANY OF
    AMERICA.


|   |   |
|---|---|
| 1 |   |

      h.    **Scheduling Conference**. Since the parties disagree as to some discovery, pleading and settlement issues, the parties respectfully request that a Conference be held before the schedule is adopted by the Court.

Dated: February ___, 2008

HASSARD BONNINGTON LLP

By:_____
    Joanna L. Storey, Esq.
    Attorneys for Defendant
    MARK W. BONDI, Ph.D.

Dated: February 26, 2008

BOURHIS & MANN

By:_____
    Lawrence Mann, Esq.
    Attorneys for Plaintiff
    BOB E. BLAKE, M.D.

Dated: February ___, 2008

NEIL, DYMOTT, FRANK, MCFALL & TREXLE

By:_____
    R. Todd Ratay, Esq.
    Attorneys for Defendant
    MATTHEW F. CARROLL, M.D.

Dated: February ___, 2008

KELLY, HERLIHY & KLEIN LLP

By:_____
    Thomas M. Herlihy, Esq.
    Attorneys for Defendants
    UMUN GROUP, UNUM CORPORATION and UNUM LIFE INSURANCE COMPANY OF AMERICA.

RULE 26(f) REPORT; DISCOVERY PLAN
P:\Wdocs\HBMAIN\00045\00193\00279284.DOC-22608

     h.    **Scheduling Conference.** Since the parties disagree as to some discovery, pleading and settlement issues, the parties respectfully request that a Conference be held before the schedule is adopted by the Court.

Dated: February ___, 2008    HASSARD BONNINGTON LLP

By:_____
    Joanna L. Storey, Esq.
Attorneys for Defendant
MARK W. BONDI, Ph.D.

Dated: February ___, 2008    BOURHIS & MANN

By:_____
    Lawrence Mann, Esq.
Attorneys for Plaintiff
BOB E. BLAKE, M.D.

Dated: February 26, 2008    NEIL, DYMOTT, FRANK, MCFALL & TREXLE

By: /s/ _____
    R. Todd Ratay, Esq.
Attorneys for Defendant
MATTHEW F. CARROLL, M.D.

Dated: February ___, 2008    KELLY, HERLIHY & KLEIN LLP

By:_____
    Thomas M. Herlihy, Esq.
Attorneys for Defendants
UNUM GROUP, UNUM CORPORATION and UNUM LIFE INSURANCE COMPANY OF AMERICA.

RULE 26(f) REPORT; DISCOVERY PLAN
P:\Wdocs\HBMAIN\00045\00193\00279284.DOC-22608

h. **Scheduling Conference.** Since the parties disagree as to some discovery, pleading and settlement issues, the parties respectfully request that a Conference be held before the schedule is adopted by the Court.

Dated: February ___, 2008  HASSARD BONNINGTON LLP

By:_____
Joanna L. Storey, Esq.
Attorneys for Defendant
MARK W. BONDI, Ph.D.

Dated: February ___, 2008  BOURHIS & MANN

By:_____
Lawrence Mann, Esq.
Attorneys for Plaintiff
BOB E. BLAKE, M.D.

Dated: February ___, 2008  NEIL, DYMOTT, FRANK, MCFALL & TREXLE

By:_____
R. Todd Ratay, Esq.
Attorneys for Defendant
MATTHEW F. CARROLL, M.D.

Dated: February 26, 2008  KELLY, HERLIHY & KLEIN LLP

By:_____
Thomas M. Herlihy, Esq.
Attorneys for Defendants
UMUN GROUP, UNUM CORPORATION and UNUM LIFE INSURANCE COMPANY OF AMERICA.

-5-