UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. BLAKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNUM PROVIDENT CORPORATION; UNUM CORPORATION; UNUM LIFE INSURANCE COMPANY OF AMERICA, MATTHEW F. CARROLL, M.D., LYNETTE D. RIVERS, PH.D., MARK W. BONDI, PH.D., COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE, and DOES 1-50 inclusive,<br><br>　　　　Defendants. | Case No. 07-5957 SC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT BONDI'S MOTION TO DISMISS THE FIFTH AND SIXTH <u>CAUSES OF ACTION</u> |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion to Remand by plaintiff Robert Blake ("Plaintiff" or "Blake") and the Motion to Dismiss the Fifth and Sixth Causes of Action by the defendant Mark Bondi ("Defendant Bondi"). Docket Nos. 18, 14. The Unum Defendants filed an Opposition to the Motion to Remand, Docket No. 21, Plaintiff filed an Opposition to the Motion to Dismiss, Docket No. 20, and Defendant Bondi filed a Reply in support of the Motion to Dismiss. Docket No. 28. For the following reasons, the Court DENIES Plaintiff's Motion to Remand and DENIES Defendant Bondi's Motion to Dismiss the Fifth and Sixth Causes of Action.

## II. **BACKGROUND**

Plaintiff was a partner/physician with California Emergency Physicians, an organization comprised, in part, of emergency room physicians. Renner Decl., Docket No. 19, ¶¶ 3, 4.[1] The present action arises out of Defendants' denial of disability benefits to Plaintiff. Notice of Removal, Docket No. 1, Compl. ¶ 32. Plaintiff alleges that, as a result of his work as an emergency room doctor, he now suffers post-traumatic stress disorder and is unable to perform his job as an emergency room physician. Id. Plaintiff filed the present action in the Superior Court of San Francisco, stating the following causes of action: (1) breach of contract against the Unum Defendants; (2) intentional/fraudulent and negligent misrepresentation against the Unum Defendants; (3) breach of the covenant of good faith and fair dealing, insurance bad faith, against the Unum Defendants; (4) intentional infliction of emotional distress against all Defendants; (5) inducing breach of contract against Defendants Carroll, Rivers, and Bondi; (6) interference with prospective economic advantage against Defendants Carroll, Rivers, and Bondi; (7) writ of mandamus against the Defendant Commissioner of the California Department of Insurance. Defendants removed the action to this Court and Defendant Bondi filed a motion to dismiss two of the claims against him. Docket Nos. 1, 14. Plaintiff then filed a motion to remand to state court. Docket No. 18.

---

[1] The Declaration of Chris Renner was submitted in support of Plaintiff's Motion to Remand to State Court. Renner is the Benefits Director for MedAmerica. MedAmerica is the business arm of California Emergency Physicians.

### III. MOTION TO REMAND

The threshold issue for the Court is whether Plaintiff's long term disability insurance policy is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. If it is, removal to federal court is proper; if not, the case will be remanded to state court. "The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." Kanne v. Conn. Gen. Life Ins., 867 F.2d 489, 492 (9th Cir. 1988). "[A] plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 264 (9th Cir. 1991). Conversely, "[i]f the plan covers one or more employees other than the business owner[,]" the plan is governed by ERISA. Yates, M.D., P.C. Profit Sharing Plan v. Hendon, 541 U.S. 1, 6 (2004) ("Yates").

The parties agree that Unum provided a long term disability benefit plan to MedAmerica. The parties disagree on the issue of whether there was only one plan issued to MedAmerica, which contained policies for physician partners, physician employees, and employees, or whether there were three separate plans. If three separate plans were issued, then Plaintiff's plan, which only covered physician partners, would not be covered by ERISA. See Kennedy, 952 F.2d at 264. If only one plan was issued, and this plan contained sub-policies for physicians, physician employees, and employees, then the entire plan, including Plaintiff's policy, would be governed by ERISA and the Court would

3

have jurisdiction over Plaintiff's action. See Yates, 541 U.S. at 6.

Based on the evidence submitted by the parties, it is apparent that Unum issued only one plan to MedAmerica. See Chidester Decl. ¶ 1, Ex. A;[2] Johnston Decl. ¶ 1, Ex. A.[3] The copies of the insurance plan attached to these declarations are identical and both state that the eligible groups for insurance coverage under the long term disability plan are "employees," "physician employees," and "partners." Chidester Decl. Ex. A; Johnston Decl. Ex. A. Although Plaintiff has attached a version of the plan that only includes "physician partners" under the heading of "Eligible Group(s)," this appears only to refer to the sub-policy that covered Plaintiff, and does not demonstrate that there were instead three separate plans issued.[4] This conclusion is further supported by additional evidence submitted by Defendants. See Chidester Decl. Exs. C, D.[5]

The Renner Declaration does little to overcome this

---

[2] The Declaration of David Chidester was submitted in support of Defendants' Opposition to Remand. Docket No. 25. Chidester is a Senior Disability Benefits Specialist for Unum Group.

[3] The Declaration of Sarita Johnston was submitted in support of Defendants' Opposition to Remand. Docket No. 24. Johnston is the Director of Service and Administration for Unum Group.

[4] This version of the policy is attached to the Complaint and to Plaintiff's Declaration. Docket No. 27.

[5] Plaintiff objects to Exhibit C as hearsay and as an opinion without foundation. Exhibit C is a copy of a letter from Unum to MedAmerica, dated April 20, 1999. Chidester, in his declaration, attests that the letter is a "true and correct copy." Id. ¶ 9. Plaintiff's objections are overruled.

4

conclusion.[6]  Renner states:  "It is my understanding that when we [MedAmerica] obtained Unum Policy No. 543289-031 that [sic] it was for physician partners only."  Id. ¶ 2.  In light of the evidence submitted by Defendants, this statement is entirely consistent with the Court's conclusion that the umbrella insurance plan contained three sub-policies directed towards physician partners, physician employees, and employees, respectively.  Plaintiff has not submitted any evidence to contradict this conclusion.

For these reasons, the Court finds that the plan that governed Plaintiff's insurance policy also applied to employees and therefore is governed by ERISA.  Yates, 541 U.S. at 6.  The Court therefore has jurisdiction and Plaintiff's Motion to Remand to State Court is DENIED.

**IV.   MOTION TO DISMISS**

   **A.   Legal Standard**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true.  Jenkins

---

[6] Although Renner did not attach a copy of the policy to which he makes continued reference in his Declaration, the Court assumes, for the sake of argument, that Renner is referring to the policy attached to Plaintiff's Complaint and Declaration.

5

1  v. McKeithen, 395 U.S. 411, 421 (1969); Everest & Jennings, Inc.
2  v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).  All
3  reasonable inferences are to be drawn in favor of the plaintiff.
4  Id.  Unreasonable inferences or conclusory legal allegations cast
5  in the form of factual allegations, however, are insufficient to
6  defeat a motion to dismiss.  W. Mining Council v. Watt, 643 F.2d
7  618, 624 (9th Cir. 1981).

**B.　Analysis**

Defendant Bondi has moved to dismiss the fifth and sixth causes of action as they apply to Bondi.  Dr. Bondi apparently examined Plaintiff at the behest of Unum and determined that Plaintiff was not disabled.  Plaintiff's fifth cause of action alleges that Bondi and other Defendants induced the Unum Defendants to breach their disability insurance contract with Plaintiff.  Plaintiff's sixth cause of action alleges that Bondi and other Defendants intentionally interfered with Plaintiff's prospective economic advantage.

Defendant Bondi's argument in favor of dismissal of these two claims is that Plaintiff has presented other claims against the Unum Defendants that are inconsistent with the allegations against Bondi.  As Federal Rule of Civil Procedure 8(d)(3) states, however, "[a] party may state as many separate claims or defenses as it has, regardless of consistency" (emphasis added).  Thus, "a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotation marks omitted).  For these reasons, Defendant

6

Bondi's Motion to Dismiss is DENIED.

## V. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand to State Court is DENIED and Defendant Bondi's Motion to Dismiss the Fifth and Sixth Causes of Action is DENIED.

IT IS SO ORDERED.

Dated: April 11, 2008

_____
UNITED STATES DISTRICT JUDGE