HASSARD BONNINGTON LLP
MARC N. ZIMMERMAN, ESQ., State Bar No. 100521
JOANNA L. STOREY, ESQ., State Bar No. 214952
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3993
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: jls@hassard.com

Attorneys for Defendant
MARK W. BONDI, Ph.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB E. BLAKE, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>UNUMPROVIDENT CORPORATION,<br>et. al.,<br><br>Defendants. | No. C 07-05957 SC<br>State Complaint Filed: Oct. 16, 2007<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 9, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1 |

The parties submit the following joint case management statement.

1. <u>Jurisdiction and Service</u>. Defendant Lynette D. Rivers, Ph.D. has been served, but has not filed a responsive pleading. She has been granted an extension of time up to May 16, 2008.

2. <u>Facts</u>. Plaintiff, a Hospital Emergency Department Medical Doctor, has been diagnosed with post traumatic stress disorder, bipolar disorder and cannabis dependence. He alleges the corporate defendants issued a disability insurance policy to him. On June 25, 2005, plaintiff made a claim for total disability benefits and he received benefits from September 19, 2005 to April 19, 2007. The individual defendants performed independent insurance examinations on the plaintiff, at the request of the corporate defendants. After April 19, 2007, the corporate defendants discontinued payment of disability benefits. Plaintiff claims the corporate

-1-

defendants have engaged in an ongoing scheme to deprive insureds of their rightful disability benefits. He claims the individual defendants authored reports that lead to the termination of his benefits. The defendants deny the claims.

3. <u>Legal Issues</u>. Legal theories and issues are premature.

4. <u>Motions</u>. Defendants anticipate filing further motions to dismiss and/or motions for summary judgment.

5. <u>Amendments</u>. The parties disagree on this issue.

The defendants propose plaintiff shall be allowed until June 1, 2008 to join additional parties and/or amend the pleadings and defendants shall be allowed until August 1, 2008 to join additional parties and/or amend the pleadings.

The plaintiff proposes that no deadlines be imposed.

6. <u>Evidence Preservation</u>. The parties agree to preserve all relevant evidence, including electronic data.

7. <u>Disclosures</u>. Initial disclosures will be made on May 9, 2008, pursuant to agreement of all parties. Disclosures were postponed due to the remand and dismissal motions which were only recently decided.

8. <u>Discovery</u>. No discovery has taken place. The parties have submitted to the Court a Rule 26(f) Discovery Plan.

9. <u>Class Actions</u>. Not applicable.

10. <u>Related Cases</u>. A related case is pending in San Francisco County Superior Court, Case No. CGC-07-468239. It was filed the same day as this case.

11. <u>Relief</u>. Premature.

12. <u>Settlement and ADR</u>. The parties have participated in an ADR Phone Conference, as required, but disagree as to settlement options.

The defendants believe settlement discussions are premature at this time. Initial disclosures and plaintiff's deposition must be completed before settlement options can be addressed.

The plaintiff requests immediate private mediation, or immediate referral to a magistrate judge for settlement conference as to the corporate defendants.

13. <u>Consent to Magistrate Judge</u>. The defendants do <u>not</u> consent to a magistrate judge.

14. <u>Other References</u>. Not applicable.

15. <u>Narrowing of Issues</u>. Premature.

16. <u>Expedited Schedule</u>. This case is <u>not</u> appropriate for an expedited schedule. Multiple parties are involved and all relevant events occurred in San Diego. The parties need time to conduct discovery, including travel to and from southern California for depositions.

17. <u>Scheduling</u>. All scheduling proposals are identified in the accompanying Rule 26(f) Discovery Plan.

18. <u>Trial</u>. The case should be tried before a jury in or after February 2009. Trial is expected to last 6-10 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>. The parties have complied with this requirement.

Dated: April 23, 2008       HASSARD BONNINGTON LLP

By:_____
Joanna L. Storey, Esq.
Attorneys for Defendant
MARK W. BONDI, Ph.D.

Dated: April ___, 2008       BOURHIS & MANN

By:_____
Lawrence Mann, Esq.
Attorneys for Plaintiff
BOB E. BLAKE, M.D.

1       The plaintiff requests immediate private mediation, or immediate referral to a magistrate judge for settlement conference as to the corporate defendants.

      13.    <u>Consent to Magistrate Judge</u>. The defendants do <u>not</u> consent to a magistrate judge.

      14.    <u>Other References</u>. Not applicable.

      15.    <u>Narrowing of Issues</u>. Premature.

      16.    <u>Expedited Schedule</u>. This case is <u>not</u> appropriate for an expedited schedule. Multiple parties are involved and all relevant events occurred in San Diego. The parties need time to conduct discovery, including travel to and from southern California for depositions.

      17.    <u>Scheduling</u>. All scheduling proposals are identified in the accompanying Rule 26(f) Discovery Plan.

      18.    <u>Trial</u>. The case should be tried before a jury in or after February 2009. Trial is expected to last 6-10 court days.

      19.    <u>Disclosure of Non-party Interested Entities or Persons</u>. The parties have complied with this requirement.

Dated: April ___, 2008          HASSARD BONNINGTON LLP

By: _____
    Joanna L. Storey, Esq.
    Attorneys for Defendant
    MARK W. BONDI, Ph.D.

Dated: April 23, 2008          BOURHIS & MANN

By: _____
    Lawrence Mann, Esq.
    Attorneys for Plaintiff
    BOB E. BLAKE, M.D.

| | | |
|---|---|---|
| 1 | Dated: April 23, 2008 | NEIL, DYMOTT, FRANK, MCFALL & TREXLER |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | R. Todd Ratay, Esq.<br>Attorneys for Defendant |
| 5 | | MATTHEW F. CARROLL, M.D. |
| 7 | Dated: April ___, 2008 | WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP |
| 9 | | By:_____ |
| 10 | | Thomas M. Herlihy, Esq.<br>Attorneys for Defendants |
| 11 | | UMUN GROUP, UNUM CORPORATION and UNUM LIFE |
| 12 | | INSURANCE COMPANY OF AMERICA. |
| 14 | Dated: April ___, 2008 | LEWIS BRISBOIS LLP |
| 17 | | By:_____ |
| | | Daniel Meagher, Esq.<br>Attorneys for Defendant |
| 18 | | LYNETTE RIVERS, PH.D. |

-4-

JOINT CASE MANAGEMENT STATEMENT
P:\Wdocs\HBMAIN\00045\00193\00293902.DOC-42308

| | | |
|---|---|---|
| 1 | Dated: April ___, 2008 | NEIL, DYMOTT, FRANK, MCFALL & TREXLE |
| | | By:_____ |
| | | R. Todd Ratay, Esq. |
| | | Attorneys for Defendant |
| | | MATTHEW F. CARROLL, M.D. |
| | Dated: April **23**, 2008 | WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP |
| | | By: /s/ Thomas M. Herlihy |
| | | Thomas M. Herlihy, Esq. |
| | | Attorneys for Defendants |
| | | UMUN GROUP, UNUM CORPORATION and UNUM LIFE INSURANCE COMPANY OF AMERICA. |
| | Dated: April ___, 2008 | LEWIS BRISBOIS LLP |
| | | By:_____ |
| | | Daniel Meagher, Esq. |
| | | Attorneys for Defendant |
| | | LYNETTE RIVERS, PH.D. |

| | | |
|---|---|---|
| 1 | Dated: April ___, 2008 | NEIL, DYMOTT, FRANK, MCFALL & TREXLE |
| 2 | | |
| 3 | | By:_____ |
| 4 | | R. Todd Ratay, Esq.<br>Attorneys for Defendant |
| 5 | | MATTHEW F. CARROLL, M.D. |
| 7 | Dated: April ___, 2008 | WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP |
| 9 | | By:_____ |
| 10 | | Thomas M. Herlihy, Esq.<br>Attorneys for Defendants |
| 11 | | UMUN GROUP, UNUM CORPORATION and UNUM LIFE |
| 12 | | INSURANCE COMPANY OF AMERICA. |
| 14 | Dated: April 23, 2008 | LEWIS BRISBOIS LLP |
| 17 | | By: /s/ Daniel Meagher |
| | | Daniel Meagher, Esq.<br>Attorneys for Defendant |
| 18 | | LYNETTE RIVERS, PH.D. |

-4-

JOINT CASE MANAGEMENT STATEMENT
P:\Wdocs\HBMAIN\00045\00193\00293902.DOC-42308